## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:      **MICHAEL LEON BROCK**                    **CHAPTER 11**
               **Debtor**                           **CASE NO. 19-10293-JDW**

# DISCLOSURE STATEMENT

## INTRODUCTION

Michael Leon Brock (the "Debtor" or the "Debtor-in-Possession") filed a Voluntary Petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Mississippi on January 22, 2019 (the "Petition Date").

The Debtor provides this Disclosure Statement to all of the known creditors in this case in order to disclose information deemed by the Debtor to be material, important and necessary for the creditors to arrive at a reasonably informed decision in exercising rights to vote for acceptance of the Plan of Reorganization (the "Plan") filed contemporaneously herewith.

This Disclosure Statement has been prepared by, and is submitted by and on behalf of, the Debtor. The Disclosure Statement must be approved by the Court, after notice and a hearing, prior to solicitation of acceptances for the Plan.

The information contained in this Disclosure Statement is made as of the date hereof, unless another time is specified. Neither the delivery of this Disclosure Statement, nor any exchange of rights and information made in connection herewith, nor any act in reliance hereon, should create under any circumstances an implication that there has not been a change in the facts underlying the statements set forth herein.

No representations concerning the Debtor, the extent of his liabilities, the value of his properties and assets, or the value of any distributions offered to Holders of Claims or Investor

Interests in connection with the Plan, are authorized except as specifically denominated in this Disclosure Statement.

This Disclosure Statement may not be relied on for any purpose other than to determine how to vote on the Plan, and nothing contained herein will constitute an admission of any fact or liability, or be admissible in any proceeding involving the Debtor or any other party, or be deemed to be advice on the tax or other legal effects of the Plan.

## EXPLANATION OF CHAPTER 11 AND PLAN CONFIRMATION

Chapter 11 is the principal reorganization chapter of the Bankruptcy Code. The formulation and confirmation of a reorganization plan are the primary goals of a Chapter 11 case. A reorganization plan is the vehicle for satisfying, to the extent possible, the Claims against and Interests in the Debtor.

Holders of Claims and Interests whose Claims or Interests are impaired by the Plan are afforded the opportunity to vote to accept or reject the Plan. A Class of Claims or Interests is impaired if the Claims or Interests constituting that Class are not paid in full or if the Claims or Interests are affected by the Plan. The Bankruptcy Court will determine whether the impaired Classes have accepted the Plan by determining whether sufficient acceptances have been received from the Holders of Claims in such Classes. An impaired class of Claims will be determined to have accepted the Plan if the Holders of Allowed Claims in that Class casting votes in favor of the Plan (I) hold at least two-thirds in amount of the Allowed Claims of the Holders in such Class who actually vote on the Plan and (ii) comprise more than one-half the number of Holders of the Allowed Claims in such Class who actually vote on the Plan.

2

The vote of the Class binds all members of the Class. Thus, if a Class votes to accept the Plan, the provisions of the Bankruptcy Code designed to protect rejecting Classes cannot be invoked even by members of that Class who voted to reject the Plan. Conversely, if a Class rejects the Plan, the member of such Class who voted to accept the Plan will be deprived of the benefits of the Plan if not confirmed. Each subclass is treated as a separate Class for voting purposes.

The Bankruptcy Code does not require that every Class of Claims and Interests vote in favor of the Plan. The Plan, however, must be accepted by at least one Class of Holders of Claims or Interests impaired under the Plan. The Bankruptcy Court may confirm the Plan notwithstanding the rejection of the Plan by one or more Classes of Claims or Interests in what is inelegantly referred to as a "cram-down." The criteria under which the Bankruptcy Court may Confirm the Plan over the objection of one or more Classes of Claims or Interests are set forth in Section 1129(b) of the Bankruptcy Code and, among other requirements, include the requirement that the Bankruptcy Court find, with respect to each Class that does not accept the Plan, that the Plan does not discriminate unfairly against such Class, that the Plan is fair and equitable as to such Class, and that the value or benefits to be distributed to the members of such Class will not be less than the members of that Class would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. The treatment proposed by the Debtor for certain Holders of Claims not accepting the Plan is detailed in another Article of the Plan.

The Debtor believes that the Plan as proposed satisfies all of the statutory requirements imposed by Section 1129 of the Bankruptcy Code. Any objections to the Plan filed and prosecuted by a party in interest, however, may prevent or delay Confirmation if the Court allows the objection, or appeals of a denial of an objection are pursued.

3

# ARTICLE I

## DEFINITIONS

Unless otherwise defined, the capitalized terms contained in this Disclosure Statement shall have the same meanings as described in the Plan. All capitalized terms used in this Disclosure Statement not defined herein or in the Plan, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in this Disclosure Statement, in the Plan or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

1. **"Allowed Claim"** means, as against the Debtor:

   (a)    A Claim that has been allowed by final Order of the Bankruptcy Court, or

   (b)    A Claim (I) scheduled as liquidated, undisputed and non-contingent by the Debtor in their Schedules as they may be restated, amended or supplemented, or (ii) timely filed with the Clerk of the Bankruptcy Court against which either there has been no objection made to the allowance thereof within the period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or a Final Order of the Bankruptcy Court, or which has been allowed in whole or in part by a final Order of the Bankruptcy Court after either an objection to the Claim or an amendment of the Schedules.

2. **"Allowed Secured Claim"** means the Allowed Claim of a Secured Creditor to the extent that it is secured by a lien on property in which the Debtor has an interest as provided in Sections 506(a) and (b) of the Bankruptcy Code.

3.      **"Bankruptcy Code"** or **"Code"** means Title 11 of the United States Code, as amended and effective in the Northern District of Mississippi on the Petition Date and includes, where applicable, the Bankruptcy Rules then in effect.

4.      **"Bankruptcy Court"** or **"Court"** means the United States Bankruptcy Court for the Northern District of Mississippi exercising jurisdiction over this Chapter 11 reorganization case and any and all proceedings therein.

5.      **"Claim"** is defined in Bankruptcy Code Section 101 (5).

6.      **"Closing"** means the consummation of the transactions contemplated by the Plan.

7.      **"Confirmation"** means the date the Court enters an order confirming this Plan.

8.      **"Creditor"** is defined in Bankruptcy Code Section 101 (10).

9.      **"Debtor"** or **"Debtor-in-Possession"** means Michael Leon Brock.

10.     **"Effective Date of the Plan,"** or **"Effective Date,"** means sixty (60) days after entry of an Order Confirming Plan of Reorganization in this Chapter 11 case that becomes final and non-appealable.

11.     **"Final Order"** means any order of the Court which is no longer subject to appeal or review.

12.     **"Fully Secured Creditor"** means any Secured Creditor designated as such in the Disclosure Statement whose Allowed Claim is less than the value of the collateral securing its Claim.

13.     **"Partially Secured Creditor"** means any Secured Creditor designated as such in this Disclosure Statement whose Allowed Claim is greater than the value of the collateral securing its Claim.

5

14.     **"Petition Date"** means the date of the filing of the Debtor's petition which was January 22, 2019.

15.     **"Plan"** means a Plan of Reorganization filed by the Debtor and as it may be modified, reinstated and amended from time to time.

16.     **"Pro-Rata"** means the same proportion that a Claim or an Allowed Claim in a particular Class bears to the aggregate amount of all Claims or Allowed Claims in said Class.

17.     **"Reorganized Debtor" or "Debtor-in-Possession"** means the Debtor and this Chapter 11 case after Confirmation and Closing.

18.     **"Schedules"** means the Statement of Financial Affairs and the Schedules of debts and assets filed by the Debtor with the Bankruptcy Court in this Case, as amended, reinstated or supplemented from time to time.

19.     **"Secured Creditor"** means those Creditors which possess valid and perfected liens against any assets of the Debtor, including, but not limited to, fully Secured Creditors and Partially Secured Creditors.

20.     **"Unsecured Claim"** means an Allowed Claim for which no property of the Debtor or the Debtor' estate serves as security or collateral.

21.     **"Unsecured Creditor"** means a person, corporation, partnership or other entity that holds an Unsecured Claim against the Debtor.

## ARTICLE  II

## DESCRIPTION OF THE DEBTOR

### A.    History and Background

Debtor is the owner of an entity known as Tri-State Enterprises, LLC (Tri-State), and his

history and background is substantially the same as that in the Tri-State Disclosure Statement.[1]

### B.    Significant Events During the Reorganization.

A copy of the docket report in this case obtained from PACER is attached hereto and

incorporated herein by reference **Exhibit "B"**.

### C.    Assets of the Debtor

The Debtor's assets, at the time of the filing of the case, are reflected on Schedules A and B,

copies of which are attached hereto and incorporated herein by reference as collective **Exhibit "C"**.

### D.    Liabilities of the Debtor

The Debtor's secured and unsecured liabilities are reflected in Schedules D, E and F copies

of which are attached hereto and incorporated herein by reference as collective **Exhibit "D"**.

## ARTICLE III

## DESCRIPTION OF THE PLAN

### A.    Introduction

The Plan is a legally binding document which imposes its terms on all Creditors.  Once the

Plan is confirmed by the Bankruptcy Court, all parties affected by the Plan have their rights altered

as provided in the Plan.  The following is a brief summary of the material provisions of the Plan.

---

[1]Tri-State is also a Debtor-in-Possession having been assigned Case No. 19-10292-JDW.
A copy of the history and background section of the First Amended Disclosure Statement in the
Tri-State case is attached, incorporated by reference and marked as **Exhibit "A"**.

7

### B.      Concept of the Plan

Although the Debtor has interest in other businesses and entities other than Tri-State, substantially all (if not all) of his meaningful income is derived from the business activities of Tri-State.  Accordingly, it will be the Debtor's salary and benefits he receives from Tri-State that will fund the Plan in this case.  The funds the Debtor receives from Tri-State in the form of salary and benefits should be sufficient to fund the Plan here.

### C.      Classification and Treatment of Claims and Interests

**Class 1:**          **Administrative Claims**

**Class 2:**          **Priority Claims**

**Class 3:**          **Secured Claims of First Security Bank ("First Security")**

**Class 4:**          **Secured Claims of Potts Camp Bank ("Potts Camp")**

**Class 5:**          **Secured Claims of Select Portfolio Servicing ("SPS")**

**Class 6:**          **General, Unsecured Claims**

**Class 7:**          **Equity Interests**

### ARTICLE IV

### TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article III shall be satisfied as follows:

**Class 1:**          **Administrative Claims**

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code.  The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court.  The timing of payment to

such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court. The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.

**Class 2:**        **Priority Claims**

Priority claims, if any, will be paid within sixty (60) months from the date of the filing of the petition herein.

**Class 3:**        **Secured Claims of First Security Bank ("First Security")**

The secured claims of First Security have been paid in full.

**Class 4:**        **Secured Claims of Potts Camp Bank ("Potts Camp")**

Debtor incorporates herein the treatment of Potts Camp that is set forth in the Disclosure Statement and Plan in the Tri-State case. However, subsequent to the filing of the Plan and Disclosure Statement in the Tri-State case, Tri-State and Potts Camp entered into a refinancing/restructuring arrangement. Unfortunately, the restructuring arrangement and agreement has failed, so the Debtor and Potts Camp will need to go back to the drawing board and start all over with respect to the restructuring and related agreements and documents. The Debtor here will simply follow along the treatment of Potts Camp in the existing Tri-State case, and its treatment in Tri-State is, or will be, incorporated here by reference.

**Class 5:**        **Secured Claims of Select Portfolio Servicing ("SPS")**

The claims of SPS as secured by a first mortgage upon Debtor's principal residence. The

9

secured claims of SPS are small compared to the equity in the property.

In the latter part of 2020, the Debtor began making interim adequate protection payments to SPS and he will continue doing so up until the effective date.  Upon the Effective Date, the Debtor will resume normal, monthly installments to SPS.  Any defaulted monthly installments or payments that have not been made to SPS during the pendency of this case will be added to the end of the loan. The secured claims of SPS are impaired.

> **Class 6:**      **General, Unsecured Claims**

Debtor will devote his projected disposable income for the life of the Plan to the general, unsecured claims of creditors.

> **Class 7:**      **Equity Interests**

The Debtor will retain ownership of his assets.

## ARTICLE V

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, each pre-petition executory contract and/or unexpired lease in which the Debtor is a party that has not been assumed or rejected in conjunction with the Plan before the Confirmation with the approval of the Court shall be deemed rejected.  Claims created by the rejection of any executory contract or unexpired lease must be served on counsel for the Debtor and filed with the Court no later than sixty (60) days after the entry of a Final Order Confirming the Plan. Any Claim not filed within such time will be forever barred as against the estate and the Debtor.  All such Claims arising from the rejection of an executory contract or unexpired lease shall be treated under the Plan as General, Unsecured Claims (Class 6) under the Plan.  All insurance policies under which the Debtor is the insured party shall be deemed assumed as of the Confirmation Date.

10

## ARTICLE VI

## MODIFICATION OF THE PLAN

The Debtor may amend or modify the Plan at any time prior to the entry of an Order Confirming the Plan without the approval of the Court.  Subsequent to the entry of the Confirmation Order, the Debtor may modify the Plan before substantial consummation of the Plan with the approval of the Court.

## ARTICLE VII

## WITHDRAWAL OF THE PLAN

The Debtor reserves the right to revoke and withdraw the Plan as the plan of reorganization for the Chapter 11 case, at any time prior to the Confirmation Date if conditions set forth in the Plan cannot be satisfied for any reason after the Confirmation Date, at any time up to the Effective Date. If the Debtor revokes or withdraws the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void.

## ARTICLE VIII

## RETENTION OF JURISDICTION

Subsequent to Confirmation of the Plan, the Court will retain jurisdiction to hear and determine all Claims against the Debtor and to hear and enforce all causes of action which exist on behalf the Debtor, including, without limitation, all turnover and avoidance causes of action granted to the Debtor and that will be owned and possibly pursued by the Debtor, post-confirmation under the Bankruptcy Code.  The Court will also retain jurisdiction to construe and apply the provisions of the Plan, including the administration and implementation of the Plan, to enter orders in aid of consummation of the Plan, to effectuate the abandonment of assets, if necessary, to issue

11

any orders in connection with the Plan in these proceedings, to hear and decide applications for

compensation and reimbursement of expenses, to resolve objections to Claims, adversary

proceedings, and matters pending independently of the Plan and to close the Chapter 11 case.

## ARTICLE IX

## LIQUIDATION ANALYSIS & FEASIBILITY

### A.    Feasibility of the Plan

The Debtor believes that the Plan is feasible and, based upon his monthly operating

reports in this case (which are incorporated by reference) there will be sufficient funds to pay the

secured claims of SPS which is, essentially, the only secured creditor in this case since all other

secured creditors will be paid under the Tri-State case and the Tri-State Plan.  Accordingly, based

upon Debtor's income from Tri-State and the relatively small amount he receives from other

sources, the Plan is feasible.

### B.    Liquidation Analysis

Section 1129 of the Bankruptcy Code provides that the Court may confirm the Plan only if

certain requirements are met.  One of these requirements is that each non-accepting Holder of an

Allowed Claim must receive or retain under the Plan, on account of such Claim, property as of the

Effective Date of the Plan at least equal to the value such Holder would receive if the Debtor were

liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date.

For the purposes of the following discussion, it is assumed that a Chapter 7 trustee would

seek to maximize the value of the Debtor's estate by attempting to sell the assets of the Debtor.

However, the Debtor believes that the circumstances surrounding liquidation under Chapter 7 would

lead to selling conditions which would substantially detract from the total value returned to the

Debtor's estate.  Further, there is no assurance that a Chapter 7 trustee will sell the assets, which would cause a forced liquidation at even more depressed prices.  The following are some, but not all, of the consequences the Debtor believes would result from Chapter 7 liquidation:

1.   Substantial Chapter 7 administrative costs relating to professional fees, broker commissions, sales commissions and other associated expenses would occur.

2.   The sale of the Debtor's assets under the time pressures and adverse publicity related to Chapter 7 liquidation would create a difficult, if not impossible, selling environment and would result in a transaction consummated as a substantial discount to fair market price.

3.   Adverse tax consequences may further reduce the value returned to the estate from a sale of the Debtor's assets.  An asset sale pursuant to Chapter 7 liquidation could potentially result in adverse federal income tax consequences to the estate.

4.   A Chapter 7 trustee will be unfamiliar with the Debtor's assets at the time of his/her appointment and is not likely to be in a position to market the Debtor's assets during the liquidation period very effectively.

5.   A Chapter 7 trustee may consider this Case a "no asset" case and provide no distribution to Unsecured Creditors.

The Debtor projects that, at foreclosure, secured creditors would receive no more than fifty percent (50%) of the Debtor's value of the collateral in this case.  In many instances, the Debtor has observed that, post-foreclosure, many assets simply sit idle for many months, if not years, subject to vandalism and deterioration that occurs from lack of repairs and operations.

13

C.    **Plan Alternatives**

The Debtor has considered various alternatives to the Plan. For the reasons set forth herein, the Debtor believes that to maximize the potential value of the Debtor and maximize the return to creditors, the Plan is the most desirable and beneficial.

## ARTICLE X

## TAX CONSEQUENCES

A.    **General**

Under the Internal Revenue Code of 1986, as amended (the "Tax Code") and regulations promulgated thereunder (the "Regulations"), there are certain significant federal income tax consequences associated with the Plan. Certain of these consequences are discussed below. The tax consequences described below are subject to significant uncertainties because of (I) the complexity of the transactions contemplated by the Plan; (ii) the uncertainty as to the tax consequences of events in prior years, including changes made by the Bankruptcy Tax Act of 1980 ("BTA80"), the Tax Reform Act of 1985 ("TRA85"), the Tax Reform Act of 1986 ("TRA86"), the Omnibus Reconciliation Act of 1987 ("ORA87"), the Technical and Miscellaneous Revenue Act of 1988 ("TAMRA"), the Omnibus Budget Reconciliation Act of 1989 ("OBRA89"), the Revenue Reconciliation Act of 1990 ("RRA90") and the Revenue Reconciliation Act of 1993 ("RRA93"); (iii) the differences in the nature of the Claims of various Claimants, their taxpayer status, residence and methods of accounting (including Claimants within the same Class), (iv) prior actions taken by Claimants with respect to their Claims; and (v) the possibility that events or legislation subsequent to the date hereof could change the federal tax consequences of the transactions. There may also be state, local or foreign tax issues that may affect particular Claimants.

HOLDERS OF CLAIMS AND INTERESTS ARE URGED TO CONSULT THEIR TAX ADVISORS RESPECTING THE INDIVIDUAL TAX CONSEQUENCES OF THE TRANSACTIONS CONTEMPLATED UNDER OR IN CONNECTION WITH THE PLAN, INCLUDING STATE, LOCAL AND FOREIGN TAX CONSEQUENCES.

**B.      Tax Consequences to Claimants**

The tax consequences of the implementation of the Plan to a Claimant will depend in part on (I) whether the Claimant's Claim constitutes a security for federal income tax purposes, (ii) whether the Claimant reports income on the accrual basis, (iii) whether the Claimant receives consideration in more than one tax year, (iv) whether the Claimant is a resident of the United States, and (v) whether all the consideration received by the Claimant is deemed to be received by that Claimant as part of an integrated transaction. The federal tax consequences upon the receipt of Cash and notes allocable to interest are discussed below.

**C.      Gain or Loss on Exchange**

The Debtor does not believe that any of the creditors' Claims will constitute tax securities. Whether a debt instrument constitutes a security is based on the facts and circumstances surrounding the origin and nature of the debt and its maturity date. Generally, claims arising out of the extension of trade credit have been held not to be securities. Instruments with a five-year term or less also rarely constitute securities. Accordingly, a Claimant will recognize gain or loss on the exchange of his existing Claim (other than a Claim for accrued interest) for any consideration. The amount of such gain or loss will equal the difference between (I) the "amount realized" in respect of such Claim and (ii) the adjusted tax basis of the Claimant in such Claim. Pursuant to Section 1001 of the Tax Code, the "amount realized" will be equal to the sum of the Cash plus the fair market value of any

15

other property received in such exchange.

1.      **Receipt of Cash.** A Claimant who receives cash in full satisfaction of his Claim

will be required to recognize gain or loss on the exchange. The Claimant will

recognize gain or less equal to the difference between the "amount realized" in

respect of such Claim and the adjusted tax basis of the Claimant in the Claim, and

the tax treatment of the exchange will parallel the tax treatment set forth under

above.

2.      **Determination of Character of Gain or Loss.** In the case of a Claimant whose

existing Claim does not constitute a capital asset, the gain or loss realized on the

exchange will give rise to ordinary income or loss. In the case of a Claimant whose

existing Claim constitutes a capital asset in his hands, the gain or loss required to be

recognized will generally be classified as a capital gain or loss, except to the extent

of interest. Any capital gain or loss recognized by a Claimant will be long-term

capital gain or loss with respect to those Claims for which the holding period of the

Claimant is more than twelve (12) months, and short-term capital gain or loss with

respect to such Claims for which the holding period of the Claimant is twelve (12)

months or less.

3.      **Receipt of Interest**. The BTA80 reversed prior law by providing that consideration

attributable to accrued but unpaid interest will be treated as ordinary income,

regardless of whether the Claimant's existing claims are capital assets in his hands

and the exchange is pursuant to a tax reorganization. A Claimant who, under his

accounting method, was not previously required to include in income accrued but

16

unpaid interest attributable to his existing Claims, and who exchanges his interest

Claim for cash, other property or Stock, or a combination thereof, pursuant to the

Plan will be treated as receiving ordinary interest income to the extent of any

consideration so received allocable to such interest, regardless of whether that

Claimant realizes an overall gain or loss as a result of the exchange of his existing

Claims.

**D.      Backup Withholding**

Under the Tax Code, interest, dividends and other "reportable payments" may, under certain

circumstances, be subject to "backup withholding" at a thirty-one percent (31%) rate.  Withholding

generally applies if the holder: (I) fails to furnish his social security number or other taxpayer

identification number ("TIN"), (ii) furnishes an incorrect TIN, (iii) fails to report interest or

dividends, or (iv) under certain circumstances fails to provide a certified statement, signed under

penalty of perjury, that the TIN provided is his correct number and that he is not subject to backup

withholding.

**BECAUSE THE FINAL OUTCOME DEPENDS SO MUCH ON EACH INDIVIDUAL
CLAIMANT'S SITUATION, IT IS IMPERATIVE THAT EACH CLAIMANT SEEK
INDIVIDUAL TAX COUNSEL FOR ADVICE ON HIS PARTICULAR SITUATION.**

## ARTICLE XI

## SOLICITATION OF ACCEPTANCES FOR THE PLAN

Although this Disclosure Statement provides information regarding the assets, liabilities and

the general financial posture of the Debtor and the potential benefits that might accrue to Holders

of Claims and Interests in the Debtor upon Confirmation of the Plan, the Disclosure Statement

neither guarantees nor purports to represent the amount or percentage of each Allowed Claim that

would be realized under the Plan.  Despite this uncertainty, which is inherent in any Plan, the Debtor

believes that the Plan will provide each Holder of a Claim with an opportunity to receive greater

benefits than any other alternative.

As explained more fully herein above, before the Plan may be confirmed by the Court, the

Court must find that the criteria set forth in the Bankruptcy Code have been met, including the

requirement that the Plan must be accepted by an impaired Class.

## ARTICLE XII

## UNITED STATES TRUSTEE'S REPORTS & FEES

The Debtor's proposed Plan, pursuant to 28 U.S.C. §1930(a)(6), provides payment to the

United States Trustee of the appropriate sums required for all disbursements made by the Debtor

during the Chapter 11 proceeding.  In addition, the proposed Plan provides that the Debtor will make

payments to the United States Trustee of the appropriate sums required for all disbursements made

by the Debtor pursuant to the terms of the proposed Plan, including the payment of post-confirmation

quarterly fees as required by 11 U.S.C. § 1129(a)(12) until such time as this case is converted,

dismissed or closed by the Court.  Additionally, the Debtor shall submit to the U.S. Trustee post

confirmation monthly operating reports in the format prescribed by the U.S. Trustee until such time

as this case is converted, dismissed or closed by the Court.

## **ARTICLE XIII**

## **CONCLUSION**

In order for the Bankruptcy Court to confirm the Plan, the Code requires, among other things, that the Plan be proposed in good faith; that the Debtor disclose specified information concerning payments or promises to insiders; that the Plan comply with the applicable provisions of Chapter 11 of the Bankruptcy Code; that, if there is one impaired Class of Creditors, at least one impaired Class of Claims accepts the Plan; that Confirmation of the Plan is not likely to be followed by the need for further reorganization or liquidation of the Reorganized Debtor; that the Plan is in the best interest of each dissenting Creditor and that the Plan is fair and equitable to, and does not discriminate unfairly against, each non-accepting Class of impaired Claims.  The Debtor believes that each requirement has been met, and the Debtor urges you to accept the Plan.

THIS, the _22d_ day of February, 2021.

Respectfully submitted,

MICHAEL LEON BROCK

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____

Craig M. Geno

19

OF COUNSEL:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
N:\Firm Data\Users\Bankrupt\Brock, Mike\DS, Plan\Disclosure Statement.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Sammye S. Tharp, Esq.
Office of the United States Trustee
sammye.s.tharp@usdoj.gov

THIS, the ___ day of February, 2021.

Craig M. Geno

# ARTICLE II

## DESCRIPTION OF THE DEBTOR

### A.    History and Background

The Debtor will provide a fairly limited history and background of its business because the past does not reflect what the Debtor believes will happen in the future. First, the Debtor notes that its majority shareholder, Michael Leon Brock ("Mr. Brock"), has also filed his own individual Chapter 11 case, which has been assigned Case Number 19-10293-JDW. The Court has terminated exclusivity in that case, although because of details set forth hereinafter, Mr. Brock has elected not to file a disclosure statement and plan in that case in this point in time. The reason will become clear shortly.

Prior to the filing of the Petition, the Debtor was engaged, primarily, in land and brush clearing, and especially in the demolition of concrete and asphalt structures and improvements, the crushing of the demolished concrete and asphalt and the conversion of the demolished concrete and asphalt into aggregate or other materials for resale.

The Debtor's primary lender was, and is, Potts Camp Bank/Bank of Holly Springs (the "Bank"). Mr. Brock has not only engaged in the Debtor's business, he has also engaged, on a personal level, in real estate investments, real estate improvements, used cars and other ventures.

The Debtor's problems, pre-Petition, stemmed largely from two factors: first, the Debtor ran into a string of customers who either could not, or would not, pay the account debts that they owed to the Debtor; second, the Debtor and another contracting party, The Lake District, LLC (the "Lake District"), ended up in a dispute with respect to certain contractual work that was being performed by the Debtor for and on behalf of the Lake District. That dispute has resulted in litigation, including

7

**EXHIBIT "A"**

the filing of the following pleadings: Complaint initiated by the Debtor against the Lake District

(Adversary Proceeding Number 20-01019-JDW); the Lake District's Motion to Terminate Automatic

Stay to Permit Setoff and to Terminate Executory Contract for Post-Petition Default and, in the

Alternative, to Shorten Time to Assume or Reject Contract [DK #39]; and the Debtor's Motion to

Enforce Automatic Stay, for Damages and for Other Relief [DK #91]. Clearly, the Debtor asserts

various claims against the Lake District and, just as clearly, the Lake District is vigorously defending

and disputing those claims. Rather than have both parties describe their claims and defenses in detail

in this Disclosure Statement, the Debtor will not comment further, leaving the claims to be litigated

in the future. Currently, the Court has scheduled the contested matters for trial on April 8 and 9,

2020, although the Debtor believes that because of the current crisis facing all Americans, and

because of the recent filing of the Adversary Proceeding, that trial should not go forward.

### B.    Significant Events During the Reorganization.

A copy of the docket report in this case obtained from PACER is attached hereto and

incorporated herein by reference as **Exhibit "A"**.

As noted, there has been a number of significant events, post-Petition, especially in Mr.

Brock's individual case, that are positive. For example, Mr. Brock (through the exercise of his

ownership interest in an entity known as MLB Investments, LLC), entered into a contract with a third

party for the sale of certain real property commonly known as the Holmes Road property. A copy

of the Order granting that sale motion is attached, incorporated by reference and marked as **Exhibit

"B"**. Although the sales proceeds will be "derived" in Mr. Brock's case, because the sale proceeds

will positively impact the Debtor's relationship with the Bank, they are being described here. And,

just as importantly, the Debtor and the Bank have agreed to many provisions regarding the Bank

# 1:19-bk-10293 | Michael Leon Brock

Docket Header Last Updated: 02/22/2021 11:23 am

PlnDue, DsclsDue, SmBus

### U.S. BANKRUPTCY COURT
### Northern District of Mississippi (Aberdeen)
### Bankruptcy Petition #: 19-10293-JDW

| | |
|---|---|
| Assigned to: Judge Jason D. Woodard | Date filed: 01/22/2019 |
| Chapter 11 | 341 meeting: 03/07/2019 |
| Voluntary | Deadline for filing claims: 05/22/2019 |
| Asset | Deadline for filing claims (govt.): 07/22/2019 |
| | Deadline for objecting to discharge: 05/06/2019 |

**Debtor**
**Michael Leon Brock**
5300 Poplar Corner
Walls, MS 38680
DE SOTO-MS
SSN / ITIN: xxx-xx-6237

represented by  **Craig M. Geno**
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048
Email: cmgeno@cmgenolaw.com

**U.S. Trustee**
**U. S. Trustee**
501 East Court Street, Suite 6-430
Jackson, MS 39201
601-965-5241

represented by  **Sammye S. Tharp**
501 East Court Street
Suite 6-430
Jackson, MS 39201
601-965-4142
Email: Sammye.S.Tharp@usdoj.gov

| Date Filed | # | Docket Text |
|---|---|---|
| 01/23/2021 | 215 | BNC Certificate of Service No. of Notices: 1. Notice Date 01/23/2021. (Related Doc # 213) (Admin.) (Entered: 01/23/2021) |
| 01/21/2021 | 214 | Debtor-In-Possession Monthly Operating Report for Filing Period December 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 01/21/2021 | 213 | Hearing Held; Continued/Rescheduled Telephonic (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 3/31/2021 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |



EXHIBIT "B"

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2021 | | Status Hearing Held. Plan to be filed by 2/22/21 . (RE: related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Michael Leon Brock, [198] Hearing Set (Status)). Plan Due by 2/22/2021 Entered on Docket by: (AOH) |
| 01/09/2021 | 212 | BNC Certificate of Service No. of Notices: 1. Notice Date 01/09/2021. (Related Doc [209]) (Admin.) |
| 01/09/2021 | 211 | BNC Certificate of Service No. of Notices: 1. Notice Date 01/09/2021. (Related Doc [210]) (Admin.) |
| 01/07/2021 | 210 | Notice of Hearing by Telephonic Conference (RE: related document(s) 155 Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (MRH) (Entered: 01/07/2021) |
| 01/07/2021 | 209 | Hearing Rescheduled (RE: related document(s) 155 Motion for Relief from Stay *5300 POPLAR CORNER RD, WALLS, MS 38680.*, Motion to Abandon . Filed by Natalie K. Brown on behalf of SELECT PORTFOLIO SERVICING, INC.. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Proposed Order)). The Hearing date is scheduled for 1/21/2021 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (MRH) (Entered: 01/07/2021) |
| 12/17/2020 | 208 | Debtor-In-Possession Monthly Operating Report for Filing Period November 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 11/20/2020 | 207 | Debtor-In-Possession Monthly Operating Report for Filing Period October 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 11/13/2020 | 206 | BNC Certificate of Service No. of Notices: 1. Notice Date 11/12/2020. (Related Doc [203]) (Admin.) |
| 11/13/2020 | 205 | BNC Certificate of Service No. of Notices: 1. Notice Date 11/12/2020. (Related Doc [204]) (Admin.) |
| 11/10/2020 | 204 | Notice of Hearing by Telephonic Conference (RE: related document(s)[203] Order on Motion to Continue/Reschedule Hearing). Entered on Docket by: (VSD) |
| 11/10/2020 | 203 | Order Granting Motion To Continue Hearing (Related Doc [202]) [198] Hearing Set (Status) The Hearing date is scheduled for 1/21/2021 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (VSD) |
| 11/06/2020 | 202 | Motion to Continue Hearing Filed by Craig M. Geno on behalf of Michael Leon Brock (RE: related document(s)[198] Hearing Set (Status)). (Geno, Craig) |
| 11/05/2020 | 201 | BNC Certificate of Service No. of Notices: 1. Notice Date 11/05/2020. (Related Doc [198]) (Admin.) |
| 11/05/2020 | 200 | BNC Certificate of Service No. of Notices: 1. Notice Date 11/05/2020. (Related Doc [199]) (Admin.) |
| 11/03/2020 | 199 | Notice of Hearing by Telephonic Conference (RE: related document(s)[198] Hearing Set (Status)). Entered on Docket by: (LLG) |
| 11/03/2020 | 198 | Status Hearing Set On (RE: related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Michael Leon Brock). Status hearing to be held on 12/2/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (LLG) |
| 10/30/2020 | 197 | BNC Certificate of Service No. of Notices: 1. Notice Date 10/29/2020. (Related Doc [196]) (Admin.) |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/27/2020 | **196** | Amended Interim Consent Order on Motion for Relief from Automatic Stay (Re: 155 Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (MRH) (Entered: 10/27/2020) |
| 10/24/2020 | **195** | BNC Certificate of Service No. of Notices: 1. Notice Date 10/23/2020. (Related Doc [194]) (Admin.) |
| 10/21/2020 | **194** | Interim Consent Order on Motion for Relief from Stay (Re: 155 Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (MRH) (Entered: 10/21/2020) |
| 10/06/2020 | **193** | Debtor-In-Possession Monthly Operating Report for Filing Period September 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) (Entered: 10/06/2020) |
| 10/01/2020 | **192** | The court hereby orders and directs Natalie K. Brown to submit a proposed order (Re: [155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Order Due by 10/15/2020 Entered on Docket by: (MRH) |
| 09/18/2020 | **191** | BNC Certificate of Service No. of Notices: 1. Notice Date 09/18/2020. (Related Doc # 189) (Admin.) (Entered: 09/18/2020) |
| 09/17/2020 | **190** | Debtor-In-Possession Monthly Operating Report for Filing Period August 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 09/16/2020 | **189** | Order Granting First Application For Compensation (Related Doc [180]). Granting for Law Offices of Craig M. Geno, PLLC, fees awarded: $16242.75, expenses awarded: $816.90 Entered on Docket by: (MRH) |
| 09/15/2020 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[180] Application for Compensation). Entered on Docket by: (MRH) |
| 09/11/2020 | | Hearing Not Held. Settled; agreed order to be submitted. Natalie K. Brown to submit order. (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Order Due by 9/24/2020 Entered on Docket by: (AOH) |
| 09/10/2020 | | Hearing Not Held. Settled; agreed order to be submitted. Natalie K. Brown to submit order. (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Order Due by 9/24/2020 Entered on Docket by: (AOH) |
| 08/24/2020 | **188** | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s) 180 Application for Compensation, 181 Hearing Set (Document)). (Geno, Craig) (Entered: 08/24/2020) |
| 08/21/2020 | **187** | BNC Certificate of Service No. of Notices: 1. Notice Date 08/21/2020. (Related Doc [183]) (Admin.) |
| 08/21/2020 | **186** | BNC Certificate of Service No. of Notices: 1. Notice Date 08/21/2020. (Related Doc [184]) (Admin.) |
| 08/20/2020 | **185** | Debtor-In-Possession Monthly Operating Report for Filing Period July 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/19/2020 | 184 | Notice of Hearing by Telephonic Conference (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (AOH) |
| 08/19/2020 | 183 | Hearing Held; Continued/Rescheduled (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 9/10/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 08/19/2020 | | Hearing Held; Continued/Rescheduled (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 9/10/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 08/18/2020 | 182 | Order Directing Craig M. Geno to File a Certificate of Service (Re: 180 Application for Compensation, 181 Hearing Set (Document)). Deadline for Service: 8/24/2020 .Deadline for Filing Certificate of Service: 8/31/2020 . Entered on Docket by: (MRH) (Entered: 08/18/2020) |
| 08/18/2020 | 181 | Hearing Set On (RE: related document(s) 180 Second Application for Compensation for Law Offices of Craig M. Geno, PLLC, Attorney, Fee: $16,242.75, Expenses: $816.90. Filed by Craig M. Geno.). The Hearing date is scheduled for 10/14/2020 at 10:30 AM at Oxford Federal Building. Responses due by 9/14/2020 . Entered on Docket by: (MRH) (Entered: 08/18/2020) |
| 08/17/2020 | 180 | Second Application for Compensation for Law Offices of Craig M. Geno, PLLC, Attorney, Fee: $16,242.75, Expenses: $816.90. Filed by Craig M. Geno. (Geno, Craig) |
| 07/17/2020 | 179 | BNC Certificate of Service No. of Notices: 1. Notice Date 07/17/2020. (Related Doc [176]) (Admin.) |
| 07/17/2020 | 178 | BNC Certificate of Service No. of Notices: 1. Notice Date 07/17/2020. (Related Doc [177]) (Admin.) |
| 07/15/2020 | 177 | Notice of Hearing by Telephonic Conference (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (AOH) |
| 07/15/2020 | 176 | Hearing Held; Continued/Rescheduled (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 8/19/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 07/15/2020 | | Hearing Held; Continued/Rescheduled (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 8/19/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 07/06/2020 | 175 | Debtor-In-Possession Monthly Operating Report for Filing Period June 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) (Entered: 07/06/2020) |
| 06/21/2020 | 174 | BNC Certificate of Service No. of Notices: 1. Notice Date 06/21/2020. (Related Doc # 170) (Admin.) (Entered: 06/21/2020) |
| 06/21/2020 | 173 | BNC Certificate of Service No. of Notices: 1. Notice Date 06/21/2020. (Related Doc # 169) (Admin.) (Entered: 06/21/2020) |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2020 | **172** | BNC Certificate of Service No. of Notices: 1. Notice Date 06/21/2020. (Related Doc # 171) (Admin.) (Entered: 06/21/2020) |
| 06/19/2020 | **171** | Notice of Hearing by Telephonic Conference (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (AOH) |
| 06/19/2020 | **170** | Interlocutory Order Extending Automatic Stay (Re: [155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (AOH) |
| 06/19/2020 | **169** | Hearing Held; Continued/Rescheduled (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 7/15/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 06/17/2020 | | Hearing Held; Continued/Rescheduled (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC.). The Hearing date is scheduled for 7/15/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 06/17/2020 | **168** | Debtor-In-Possession Monthly Operating Report for Filing Period May 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 06/15/2020 | **167** | Amended Document *Certificate of Service with Hearing Notice and Motion for Relief from Relief* Filed by Natalie K. Brown on behalf of SELECT PORTFOLIO SERVICING, INC. RE: (related document(s) 155 Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon, 157 Hearing Set (Document), 160 Certificate of Service filed by Creditor SELECT PORTFOLIO SERVICING, INC.). (Brown, Natalie) (Entered: 06/15/2020) |
| 06/12/2020 | **166** | BNC Certificate of Service No. of Notices: 1. Notice Date 06/12/2020. (Related Doc # 165) (Admin.) (Entered: 06/12/2020) |
| 06/10/2020 | **165** | Notice of Hearing by Telephonic Conference (RE: related document(s) 155 Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). Entered on Docket by: (AOH) (Entered: 06/10/2020) |
| 06/09/2020 | **164** | Response Filed by Craig M. Geno on behalf of Michael Leon Brock (RE: related document(s)[155] Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon). (Geno, Craig) |
| 06/04/2020 | **163** | BNC Certificate of Service No. of Notices: 1. Notice Date 06/04/2020. (Related Doc [162]) (Admin.) |
| 06/02/2020 | **162** | Agreed Order on Motion To Borrow (Related Doc [134]) Entered on Docket by: (MRH) |
| 05/27/2020 | **161** | Debtor-In-Possession Monthly Operating Report for Filing Period April 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) (Entered: 05/27/2020) |
| 05/27/2020 | **160** | Certificate of Service Filed by Natalie K. Brown on behalf of SELECT PORTFOLIO SERVICING, INC. RE: (related document(s) 155 Motion for Relief From Stay filed by Creditor SELECT PORTFOLIO SERVICING, INC., Motion to Abandon, 157 Hearing Set (Document)). (Brown, Natalie) (Entered: 05/27/2020) |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2020 | | Hearing Held. Settled; agreed order to be submitted. Craig M. Geno to submit order. (RE: related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock). Order Due by 6/10/2020 Entered on Docket by: (AOH) |
| 05/27/2020 | | Hearing Held. Settled; agreed order to be submitted. Craig M. Geno to submit order. (RE: related document(s) 134 Motion to Borrow filed by Debtor Michael Leon Brock). Order Due by 6/10/2020 Entered on Docket by: (AOH) (Entered: 05/27/2020) |
| 05/24/2020 | 159 | BNC Certificate of Service No. of Notices: 1. Notice Date 05/24/2020. (Related Doc # 158) (Admin.) (Entered: 05/24/2020) |
| 05/22/2020 | 158 | Agreed Order on Motion To Sell Property Free and Clear of Liens under Sec. 363(f) (Related Doc [138]) Entered on Docket by: (MRH) |
| 05/21/2020 | 157 | Hearing Set On (RE: related document(s) 155 Motion for Relief from Stay *5300 POPLAR CORNER RD, WALLS, MS 38680.*, Motion to Abandon . Filed by Natalie K. Brown on behalf of SELECT PORTFOLIO SERVICING, INC.. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Proposed Order)). The Hearing date is scheduled for 6/17/2020 at 10:30 AM at Oxford Federal Building. Responses due by 6/9/2020 . Entered on Docket by: (LLG) (Entered: 05/21/2020) |
| 05/20/2020 | | Receipt of filing fee for Motion for Relief From Stay( 19-10293-JDW) [motion,mrlfsty] ( 181.00). Receipt number A8991901, amount $ 181.00. (U.S. Treasury) |
| 05/20/2020 | 156 | BNC Certificate of Service No. of Notices: 1. Notice Date 05/20/2020. (Related Doc [154]) (Admin.) |
| 05/20/2020 | | Receipt of filing fee for Motion for Relief From Stay( 19-10293-JDW) [motion,mrlfsty] ( 181.00). Receipt number A8991901, amount $ 181.00. (U.S. Treasury) (Entered: 05/20/2020) |
| 05/20/2020 | 155 | Motion for Relief from Stay 5300 POPLAR CORNER RD, WALLS, MS 38680., Motion to Abandon . Filed by Natalie K. Brown on behalf of SELECT PORTFOLIO SERVICING, INC.. (Attachments: # (1) Exhibit # (2) Exhibit # (3) Exhibit # (4) Proposed Order) (Brown, Natalie) |
| 05/18/2020 | 154 | Notice of Hearing by Telephonic Conference (RE: related document(s) 138 Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock). Entered on Docket by: (AOH) (Entered: 05/18/2020) |
| 04/17/2020 | 153 | BNC Certificate of Service No. of Notices: 1. Notice Date 04/17/2020. (Related Doc # 150) (Admin.) (Entered: 04/17/2020) |
| 04/17/2020 | 152 | BNC Certificate of Service No. of Notices: 1. Notice Date 04/17/2020. (Related Doc # 151) (Admin.) (Entered: 04/17/2020) |
| 04/15/2020 | 151 | Notice of Hearing by Telephonic Conference (RE: related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock). Entered on Docket by: (AOH) |
| 04/15/2020 | 150 | Hearing Held; Continued/Rescheduled (RE: related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock). The Hearing date is scheduled for 5/27/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2020 | | Hearing Held; Continued/Rescheduled (RE: related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock). The Hearing date is scheduled for 5/27/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 04/14/2020 | 149 | Debtor-In-Possession Monthly Operating Report for Filing Period March 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 04/06/2020 | 148 | Response Filed by Ryan Revere on behalf of First Security Bank (RE: related document(s)[138] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock). (Revere, Ryan) |
| 04/03/2020 | 147 | BNC Certificate of Service No. of Notices: 1. Notice Date 04/03/2020. (Related Doc [146]) (Admin.) |
| 04/01/2020 | 146 | Notice of Hearing by Telephonic Conference (RE: related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock). Entered on Docket by: (AOH) |
| 03/30/2020 | 145 | Response Filed by Ryan Revere on behalf of First Security Bank (RE: related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock). (Revere, Ryan) |
| 03/25/2020 | 144 | Debtor-In-Possession Monthly Operating Report for Filing Period February 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 03/10/2020 | 143 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[138] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock, [140] Hearing Set (Document)). (Geno, Craig) |
| 03/10/2020 | 142 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[134] Motion to Borrow filed by Debtor Michael Leon Brock, [135] Hearing Set (Document)). (Geno, Craig) |
| 03/09/2020 | 141 | Order Directing Craig M. Geno to File a Certificate of Service (Re: [138] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock, [140] Hearing Set (Document)). Deadline for Service: 3/16/2020 .Deadline for Filing Certificate of Service: 3/23/2020 . Entered on Docket by: (MRH) |
| 03/09/2020 | 140 | Hearing Set On (RE: related document(s) [138] Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $181 Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 5/27/2020 at 10:30 AM at Oxford Federal Building. Responses due by 4/6/2020 . Entered on Docket by: (MRH) |
| 03/09/2020 | 139 | BNC Certificate of Service No. of Notices: 1. Notice Date 03/08/2020. (Related Doc [137]) (Admin.) |
| 03/06/2020 | | Receipt of filing fee for Motion to Sell Property Free and Clear of Liens under Section 363(f)(19-10293-JDW) [motion,msellfc] ( 181.00). Receipt number 8836071, amount $ 181.00. (U.S. Treasury) |
| 03/06/2020 | 138 | Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $181 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 03/06/2020 | 137 | Agreed Order on Motion To Sell Property Free and Clear of Liens under Sec. 363(f) (Related Doc [120]) Entered on Docket by: (MRH) |
| 03/05/2020 | 136 | Order Directing Craig M. Geno to File a Certificate of Service (Re: [134] Motion to Borrow filed by Debtor Michael Leon Brock, [135] Hearing Set (Document)). Deadline for Service: 3/10/2020 .Deadline for Filing Certificate of Service: 3/17/2020 . Entered on Docket by: (MRH) |
| 03/05/2020 | 135 | Hearing Set On (RE: related document(s) [134] Motion to Borrow Motion to Incur Indebtedness, Grant Security and to Provide Adequate Protection Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 4/15/2020 at 10:30 AM at Oxford Federal Building. Responses due by 3/31/2020 . Entered on Docket by: (MRH) |
| 03/05/2020 | 134 | Motion to Borrow Motion to Incur Indebtedness, Grant Security and to Provide Adequate Protection Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/26/2020 | 133 | Exhibit/Witness List (RE: related document(s)[120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock). Entered on Docket by: (AOH) |
| 02/26/2020 |  | Hearing Held. Motion granted. Craig M. Geno to submit order. (RE: related document(s)[120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock, [129] Order to Set/Reset Hearing). Order Due by 3/11/2020 Entered on Docket by: (AOH) |
| 02/19/2020 | 132 | Debtor-In-Possession Monthly Operating Report for Filing Period January 2020 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/15/2020 | 131 | BNC Certificate of Service No. of Notices: 4. Notice Date 02/15/2020. (Related Doc [129]) (Admin.) |
| 02/14/2020 | 130 | Response Limited Filed by Sammye S. Tharp on behalf of U. S. Trustee (RE: related document(s) [120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock). (Tharp, Sammye) |
| 02/13/2020 | 129 | Order Rescheduling Hearing (Re: [120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock, [121] Hearing Set (Document)) for February 26, 2020, at 10:30 AM at Oxford Federal Building, Oxford MS. Entered on Docket by: (MRH) Modified text/calendar on 2/20/2020 (Barker, Carrie). |
| 02/11/2020 |  | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock). Entered on Docket by: (MRH) |
| 02/01/2020 | 128 | BNC Certificate of Service No. of Notices: 2. Notice Date 02/01/2020. (Related Doc [127]) (Admin.) |
| 01/30/2020 | 127 | Agreed Order Resolving Motion For Adequate Protection, Motion for Relief From Stay, and Motion to Abandon (Related Doc [72]). Entered on Docket by: (MRH) |
| 01/23/2020 | 126 | Debtor-In-Possession Monthly Operating Report for Filing Period December 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 01/18/2020 | 125 | BNC Certificate of Service No. of Notices: 21. Notice Date 01/18/2020. (Related Doc [124]) (Admin.) |

2/22/2021

Case 19-10293-JDW    Doc 216    Filed 02/22/21    Entered 02/22/21 17:26:16    Desc Main
Document     Page 31 of 61
1-19-bk-10293 | Michael Leon Brock |

| Date Filed | # | Docket Text |
|---|---|---|
| 01/16/2020 | **124** | Order Resolving (Re: [115] Order to Show Cause). Entered on Docket by: (MRH) |
| 01/15/2020 | | Show cause Hearing Held. For cause shown no sanctions are imposed. Chambers to prepare order. (RE: related document(s)[115] Order to Show Cause). Order Due by 1/29/2020 Entered on Docket by: (AOH) |
| 01/15/2020 | | Hearing Held. Settled; agreed order to be submitted. Craig M. Geno to submit order. (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). Order Due by 1/29/2020 Entered on Docket by: (AOH) |
| 01/13/2020 | **123** | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock, [121] Hearing Set (Document)). (Geno, Craig) |
| 01/13/2020 | **122** | Order Directing Craig M. Geno to File a Certificate of Service (Re: [120] Motion to Sell Property Free and Clear of Liens Under Section 363(f) filed by Debtor Michael Leon Brock, [121] Hearing Set (Document)). Deadline for Service: 1/21/2020 .Deadline for Filing Certificate of Service: 1/27/2020 . Entered on Docket by: (SGF) |
| 01/13/2020 | **121** | Hearing Set On (RE: related document(s) [120] Motion to Sell Property Free and Clear of Liens under Section 363(f)Motion for Authority to Sell Real Property, and/or Debtor's Interests in an Entity Holding Title to Real Property, Outside the Ordinary Course of Business Free and Clear of Liens, Claims and Interests Fee Amount $181 Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 2/26/2020 at 10:30 AM at Oxford Federal Building. Responses due by 2/10/2020 . Entered on Docket by: (SGF) |
| 01/10/2020 | | Receipt of filing fee for Motion to Sell Property Free and Clear of Liens Under Section 363(f)(19-10293-JDW) [motion,msellfc] ( 181.00). Receipt number 8724051, amount $ 181.00. (U.S. Treasury) |
| 01/10/2020 | **120** | Motion to Sell Property Free and Clear of Liens under Section 363(f)Motion for Authority to Sell Real Property, and/or Debtor's Interests in an Entity Holding Title to Real Property, Outside the Ordinary Course of Business Free and Clear of Liens, Claims and Interests Fee Amount $181 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 12/27/2019 | **119** | Debtor-In-Possession Monthly Operating Report for Filing Period November 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) (Entered: 12/27/2019) |
| 12/22/2019 | **118** | BNC Certificate of Service No. of Notices: 1. Notice Date 12/22/2019. (Related Doc [117]) (Admin.) |
| 12/20/2019 | **117** | Order Denying Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc [110] Entered on Docket by: (LLG) |
| 12/19/2019 | **116** | BNC Certificate of Service No. of Notices: 1. Notice Date 12/19/2019. (Related Doc [113]) (Admin.) |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/19/2019 | **115** | Order Craig M. Geno to Appear and Show Cause why sanctions should not be imposed for failure to comply with the following order: Proceeding Memo - Hearing Held 11/13/19. Continued to 1/15/20 10:30 Oxford. An agreed order with negative notice provision to be submitted. Craig Geno to submit agreed order. Order Due by 11/27/2019 (Re: [72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). Show Cause hearing to be held on 1/15/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (LLG) |
| 12/17/2019 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s)doc Update Chapter 11/12 Plan or Disclosure Statement Deadlines (Bk)). Chapter 11 Plan due by 12/13/2019. Disclosure Statement due by 12/13/2019. Entered on Docket by: (LLG) |
| 12/17/2019 | **114** | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[110] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [111] Hearing Set (Document)). (Geno, Craig) |
| 12/17/2019 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s) Update Chapter 11/12 Plan or Disclosure Statement Deadlines (Bk)). Chapter 11 Plan due by 12/13/2019. Disclosure Statement due by 12/13/2019. Entered on Docket by: (LLG) |
| 12/17/2019 | **113** | Order Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement - Deadline extended until 12/13/19. (Related Doc [103]) Entered on Docket by: (LLG) |
| 12/17/2019 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[103] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock). Entered on Docket by: (LLG) |
| 12/16/2019 | **112** | Order Directing Craig M. Geno to File a Certificate of Service (Re: [110] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [111] Hearing Set (Document)). Deadline for Service: 12/23/2019 .Deadline for Filing Certificate of Service: 12/30/2019 . Entered on Docket by: (LLG) |
| 12/16/2019 | **111** | Hearing Set On (RE: related document(s) [110] Fourth Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 2/26/2020 at 10:30 AM at Oxford Federal Building. Responses due by 1/13/2020 . Entered on Docket by: (LLG) |
| 12/13/2019 | **110** | Fourth Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 12/13/2019 | **109** | Debtor-In-Possession Monthly Operating Report for Filing Period October 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 12/03/2019 | **108** | The court hereby orders and directs Craig M. Geno to submit a proposed AGREED ORDER REGARDING NEGATIVE NOTICE (Re: [72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). Order Due by 12/17/2019 Entered on Docket by: (LLG) |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2019 | **107** | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[103] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [105] Hearing Set (Document)). (Geno, Craig) |
| 11/18/2019 | **106** | Order Directing Craig M. Geno to File a Certificate of Service (Re: [103] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [105] Hearing Set (Document)). Deadline for Service: 11/25/2019 .Deadline for Filing Certificate of Service: 12/2/2019 . Entered on Docket by: (LLG) |
| 11/18/2019 | **105** | Hearing Set On (RE: related document(s) [103] Third Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 1/15/2020 at 10:30 AM at Oxford Federal Building. Responses due by 12/16/2019 . Entered on Docket by: (LLG) |
| 11/16/2019 | **104** | BNC Certificate of Service No. of Notices: 1. Notice Date 11/16/2019. (Related Doc [102]) (Admin.) |
| 11/15/2019 | **103** | Third Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 11/14/2019 | | Hearing Held. Continued to 1/15/20 10:30 Oxford. An agreed order with negative notice provision to be submitted. Hearing to be held on 1/15/19. (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). Order Due by 11/27/2019 Entered on Docket by: (AOH) |
| 11/14/2019 | **102** | Hearing Rescheduled (RE: related document(s) [72] Motion for Relief from Stay ., Motion to Abandon ., Motion for Adequate Protection Filed by William F. Schneller on behalf of Bank of Holly Springs. (Attachments: # 1 Exhibit A # 2 Exhibit B)). The Hearing date is scheduled for 1/15/2020 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 11/13/2019 | | Hearing Held. Continued to 1/15/20 10:30 Oxford. An agreed order with negative notice provision to be submitted. Hearing to be held on 1/15/19. (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). Order Due by 11/27/2019 Entered on Docket by: (AOH) |
| 11/02/2019 | **101** | BNC Certificate of Service No. of Notices: 1. Notice Date 11/02/2019. (Related Doc [100]) (Admin.) |
| 10/31/2019 | **100** | Hearing Not Held; Continued/Rescheduled (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). The Hearing date is scheduled for 11/13/2019 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 10/30/2019 | | Hearing Not Held; Continued/Rescheduled (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). The Hearing date is scheduled for 11/13/2019 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 10/15/2019 | **99** | Debtor-In-Possession Monthly Operating Report for Filing Period September 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/09/2019 | 98 | Notice of Appearance and Request for Notice by Les Alvis Filed by Les Alvis on behalf of John Deere Construction & Forestry Company. (Alvis, Les) |
| 09/26/2019 | 97 | BNC Certificate of Service No. of Notices: 1. Notice Date 09/26/2019. (Related Doc [96]) (Admin.) |
| 09/24/2019 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s)doc Update Chapter 11/12 Plan or Disclosure Statement Deadlines (Bk)). Chapter 11 Plan due by 11/15/2019 . Disclosure Statement due by 11/15/2019 . Entered on Docket by: (ALD) |
| 09/24/2019 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s) Update Chapter 11/12 Plan or Disclosure Statement Deadlines (Bk)). Chapter 11 Plan due by 11/15/2019 . Disclosure Statement due by 11/15/2019 . Entered on Docket by: (ALD) |
| 09/24/2019 | 96 | Order Granting Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc [87]) Entered on Docket by: (ALD) |
| 09/21/2019 | 95 | BNC Certificate of Service No. of Notices: 1. Notice Date 09/21/2019. (Related Doc [92]) (Admin.) |
| 09/21/2019 | 94 | BNC Certificate of Service No. of Notices: 1. Notice Date 09/21/2019. (Related Doc [91]) (Admin.) |
| 09/20/2019 | 93 | Debtor-In-Possession Monthly Operating Report for Filing Period August 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 09/19/2019 | 92 | Interlocutory Order Extending Automatic Stay (Re: [72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). Entered on Docket by: (AOH) |
| 09/19/2019 | 91 | Hearing Held; Continued/Rescheduled (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). The Hearing date is scheduled for 10/30/2019 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 09/18/2019 | | Hearing Held; Continued/Rescheduled (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). The Hearing date is scheduled for 10/30/2019 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 09/18/2019 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[87] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock). Entered on Docket by: (ALD) |
| 08/26/2019 | 90 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[87] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [88] Hearing Set (Document)). (Geno, Craig) |
| 08/22/2019 | 89 | Order Directing Craig M. Geno to File a Certificate of Service (Re: [87] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [88] Hearing Set (Document)). Deadline for Service: 8/27/2019 .Deadline for Filing Certificate of Service: 9/3/2019 . Entered on Docket by: (LLG) |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2019 | 88 | Hearing Set On (RE: related document(s) [87] Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 10/30/2019 at 10:30 AM at Oxford Federal Building. Responses due by 9/17/2019 . Entered on Docket by: (LLG) |
| 08/21/2019 | 87 | Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 08/16/2019 | 86 | BNC Certificate of Service No. of Notices: 1. Notice Date 08/16/2019. (Related Doc [84]) (Admin.) |
| 08/16/2019 | 85 | Debtor-In-Possession Monthly Operating Report for Filing Period July 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 08/14/2019 | 84 | Hearing Held; Continued/Rescheduled (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). The Hearing date is scheduled for 9/18/2019 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 08/14/2019 | | Hearing Held; Continued/Rescheduled (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs). The Hearing date is scheduled for 9/18/2019 at 10:30 AM at Oxford Federal Building. Entered on Docket by: (AOH) |
| 08/11/2019 | 83 | BNC Certificate of Service No. of Notices: 1. Notice Date 08/11/2019. (Related Doc [82]) (Admin.) |
| 08/09/2019 | 82 | Order Granting Application For Compensation (Related Doc [65]). Granting for Law Offices of Craig M. Geno, PLLC, fees awarded: $10044.25, expenses awarded: $2035.83 Entered on Docket by: (LLG) |
| 08/08/2019 | 81 | Debtor-In-Possession Monthly Operating Report for Filing Period June 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 08/06/2019 | 80 | Response Filed by Craig M. Geno on behalf of Michael Leon Brock (RE: related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). (Geno, Craig) |
| 07/29/2019 | 79 | Response Filed by Sammye S. Tharp on behalf of U. S. Trustee (RE: related document(s)[65] Application for Compensation). (Tharp, Sammye) |
| 07/24/2019 | | Correction of Deficient Filing (RE: related document(s)doc Clerk's Request for Corrective Action). Entered on Docket by: (ALD) |
| 07/24/2019 | | Correction of Deficient Filing (RE: related document(s) Clerk's Request for Corrective Action). Entered on Docket by: (ALD) |
| 07/23/2019 | 78 | Certificate of Service Doc 72 & 74 Filed by William F. Schneller on behalf of Bank of Holly Springs RE: (related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). (Schneller, William) |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2019 | | CLERK'S REQUEST FOR CORRECTIVE ACTION. Failure to correct the deficiency(ies) as stated within 2 days from the date of this request may result in the filed item being dismissed or stricken. The certificate of service submitted fails to show that all required materials were served. THE FILER IS DIRECTED TO RESUBMIT THE CERTIFICATE OF SERVICE WITH A COPY OF ALL REQUIRED MATERIALS SERVED. (RE: related document(s)[77] Certificate of Service filed by Creditor Bank of Holly Springs). Corrective Action due by 7/25/2019 . Entered on Docket by: (ALD) |
| 07/23/2019 | 77 | Certificate of Service DOC 74 & 72 Filed by William F. Schneller on behalf of Bank of Holly Springs RE: (related document(s)[72] Motion for Relief From Stay filed by Creditor Bank of Holly Springs, Motion to Abandon, Motion for Adequate Protection). (Schneller, William) |
| 07/20/2019 | 76 | BNC Certificate of Service No. of Notices: 1. Notice Date 07/20/2019. (Related Doc [75]) (Admin.) |
| 07/18/2019 | 75 | Order Granting (Related Doc [71]) Motion to Dismiss/Withdraw [62] Motion to Abandon filed by Creditor Bank of Holly Springs, Motion for Adequate Protection, Motion for Relief From Stay Entered on Docket by: (ALD) |
| 07/18/2019 | 74 | Hearing Set On (RE: related document(s) [72] Motion for Relief from Stay ., Motion to Abandon ., Motion for Adequate Protection Filed by William F. Schneller on behalf of Bank of Holly Springs. (Attachments: # 1 Exhibit A # 2 Exhibit B)). The Hearing date is scheduled for 8/14/2019 at 10:30 AM at Oxford Federal Building. Responses due by 8/6/2019 . Entered on Docket by: (AOH) |
| 07/17/2019 | | Receipt of filing fee for Motion for Relief From Stay(19-10293-JDW) [motion,mrlfsty] ( 181.00). Receipt number 8394625, amount $ 181.00. (U.S. Treasury) |
| 07/17/2019 | 73 | The court hereby orders and directs William F. Schneller to submit a proposed order (Re: [71] Motion to Dismiss/Withdraw Document filed by Creditor Bank of Holly Springs). Order Due by 7/31/2019 Entered on Docket by: (ALD) |
| 07/17/2019 | 72 | Motion for Relief from Stay ., Motion to Abandon ., Motion for Adequate Protection Filed by William F. Schneller on behalf of Bank of Holly Springs. (Attachments: # (1) Exhibit A # (2) Exhibit B) (Schneller, William) |
| 07/17/2019 | 71 | Motion to Dismiss/Withdraw Document Filed by William F. Schneller on behalf of Bank of Holly Springs (RE: related document(s)[62] Motion to Abandon filed by Creditor Bank of Holly Springs, Motion for Adequate Protection, Motion for Relief From Stay). (Schneller, William) |
| 07/09/2019 | 70 | Interlocutory Order Extending Automatic Stay (Re: [62] Motion to Abandon filed by Creditor Bank of Holly Springs, Motion for Adequate Protection, Motion for Relief From Stay). Entered on Docket by: (AOH) |
| 07/09/2019 | 69 | Hearing Set On (RE: related document(s) [62] Motion to Abandon ., Motion for Adequate Protection , Motion for Relief from Stay . Filed by William F. Schneller on behalf of Bank of Holly Springs. (Attachments: # 1 Exhibit A # 2 Exhibit B)). The Hearing date is scheduled for 8/14/2019 at 10:30 AM at Oxford Federal Building. Responses due by 7/29/2019 . Entered on Docket by: (AOH) |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/2019 | | Clerk's Notice of Adjustment. No certificate of service - Court to issue new hearing notice. (RE: related document(s)[62] Motion to Abandon filed by Creditor Bank of Holly Springs, Motion for Adequate Protection, Motion for Relief From Stay, [64] Hearing Set (Document)). Entered on Docket by: (AOH) |
| 07/08/2019 | 68 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[65] Application for Compensation, [66] Hearing Set (Document)). (Geno, Craig) |
| 07/03/2019 | 67 | Order Directing Craig M. Geno to File a Certificate of Service (Re: [65] Application for Compensation, [66] Hearing Set (Document)). Deadline for Service: 7/8/2019 .Deadline for Filing Certificate of Service: 7/15/2019 . Entered on Docket by: (ALD) |
| 07/03/2019 | 66 | Hearing Set On (RE: related document(s) [65] First Application for Compensation for Law Offices of Craig M. Geno, PLLC, Debtor's Attorney, Fee: $10,321.75, Expenses: $2,035.83. Filed by Craig M. Geno.). The Hearing date is scheduled for 8/14/2019 at 10:30 AM at Oxford Federal Building. Responses due by 7/29/2019 . Entered on Docket by: (ALD) |
| 07/03/2019 | 65 | First Application for Compensation for Law Offices of Craig M. Geno, PLLC, Debtor's Attorney, Fee: $10,321.75, Expenses: $2,035.83. Filed by Craig M. Geno. (Geno, Craig) |
| 06/24/2019 | 64 | Hearing Set On (RE: related document(s) [62] Motion to Abandon ., Motion for Adequate Protection , Motion for Relief from Stay . Filed by William F. Schneller on behalf of Bank of Holly Springs. (Attachments: # 1 Exhibit A # 2 Exhibit B)). The Hearing date is scheduled for 7/17/2019 at 10:30 AM at Oxford Federal Building. Responses due by 7/12/2019 . Entered on Docket by: (AOH) |
| 06/22/2019 | 63 | BNC Certificate of Service No. of Notices: 1. Notice Date 06/22/2019. (Related Doc [61]) (Admin.) |
| 06/21/2019 | | Receipt of filing fee for Motion for Relief From Stay(19-10293-JDW) [motion,mrlfsty] ( 181.00). Receipt number 8348082, amount $ 181.00. (U.S. Treasury) |
| 06/21/2019 | | Receipt of filing fee for Motion for Relief From Stay(19-10293-JDW) [motion,mrlfsty] ( 181.00). Receipt number 8348082, amount $ 181.00. (U.S. Treasury) |
| 06/21/2019 | 62 | Motion to Abandon ., Motion for Adequate Protection , Motion for Relief from Stay . Filed by William F. Schneller on behalf of Bank of Holly Springs. (Attachments: # (1) Exhibit A # (2) Exhibit B) (Schneller, William) |
| 06/20/2019 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Michael Leon Brock). Chapter 11 Plan due by 8/21/2019 . Disclosure Statement due by 8/21/2019 . Entered on Docket by: (ALD) |
| 06/20/2019 | | Plan or Disclosure Statement Deadline Updated (RE: related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Michael Leon Brock). Chapter 11 Plan due by 8/21/2019 . Disclosure Statement due by 8/21/2019 . Entered on Docket by: (ALD) |
| 06/20/2019 | 61 | Order Granting Motion to Extend/Limit Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement up through and including 8/21/19 (Related Doc [54]) Entered on Docket by: (ALD) |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2019 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[54] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock). Entered on Docket by: (ALD) |
| 06/19/2019 | 60 | The court hereby orders and directs Craig M. Geno to submit a proposed order (Re: [54] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock). Order Due by 7/3/2019 Entered on Docket by: (ALD) |
| 06/19/2019 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[54] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock). Entered on Docket by: (ALD) |
| 06/14/2019 | 59 | Debtor-In-Possession Monthly Operating Report for Filing Period May 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 06/14/2019 | 58 | Debtor-In-Possession Monthly Operating Report for Filing Period April 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 05/24/2019 | 57 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[54] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [55] Hearing Set (Document)). (Geno, Craig) |
| 05/23/2019 | 56 | Order Directing Craig M. Geno to File a Certificate of Service (Re: [54] Motion to Extend/Limit Exclusivity Period filed by Debtor Michael Leon Brock, [55] Hearing Set (Document)). Deadline for Service: 5/28/2019 .Deadline for Filing Certificate of Service: 6/4/2019 . Entered on Docket by: (ALD) |
| 05/23/2019 | 55 | Hearing Set On (RE: related document(s) [54] Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 7/17/2019 at 10:30 AM at Oxford Federal Building. Responses due by 6/18/2019 . Entered on Docket by: (ALD) |
| 05/22/2019 | 54 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 05/21/2019 | 53 | Debtor-In-Possession Monthly Operating Report for Filing Period March 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 05/17/2019 | 52 | Debtor-In-Possession Monthly Operating Report for Filing Period February 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 05/16/2019 | 51 | Debtor-In-Possession Monthly Operating Report for Filing Period January 2019 Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 05/02/2019 | | Correction of Deficient Filing (RE: related document(s)doc Clerk's Request for Corrective Action). Entered on Docket by: (LLG) |
| 05/02/2019 | | Correction of Deficient Filing (RE: related document(s) Clerk's Request for Corrective Action). Entered on Docket by: (LLG) |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2019 | | Receipt of filing fee for Amended Creditor Matrix(19-10293-JDW) [misc,amdcm] ( 31.00). Receipt number 8249263, amount $ 31.00. (U.S. Treasury) |
| 05/01/2019 | 50 | BNC Certificate of Service No. of Notices: 1. Notice Date 05/01/2019. (Related Doc [43]) (Admin.) |
| 05/01/2019 | 49 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[48] Document filed by Debtor Michael Leon Brock). (Geno, Craig) |
| 05/01/2019 | 48 | Document Notice to Each Added Creditor & U.S. Trustee Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[47] Amended Creditor Matrix filed by Debtor Michael Leon Brock, Verification of Matrix). (Geno, Craig) |
| 05/01/2019 | 47 | Amendment to List of Creditors. Fee Amount $31 ., Verification of Matrix Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 05/01/2019 | 46 | Affidavit as to Non-Compliance with Small Business Documents Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[43] Order and Notice of Deficiency). (Geno, Craig) |
| 04/30/2019 | 45 | Order Granting Motion to Redact (Related Doc [39]) Entered on Docket by: (ALD) |
| 04/29/2019 | | CLERK'S REQUEST FOR CORRECTIVE ACTION. Failure to correct the deficiency(ies) as stated within 2 days from the date of this request may result in the filed item being dismissed or stricken. The Debtor(s) or attorney for debtor(s) must file an amended master address list (matrix) and/or amended schedule of creditors as to the additional creditors. THE FILER IS DIRECTED TO SUBMIT THE REQUIRED AMENDED MASTER ADDRESS LIST AND/OR AMENDED SCHEDULE OF CREDITORS. (JOHN DEERE FINANCIAL, SYNCHRONY BANK AND MAHINDRA FINANCE ADDED TO AMENDED SCHEDULE E/F.)The amendment was not accompanied by a certificate of service showing service of a notice of said amendment to affected creditors, the Trustee and the U.S. Trustee. A copy of the proper notice form may be obtained from the court website at www.msnb.uscourts.gov. THE FILER IS DIRECTED TO SUBMIT THE REQUIRED CERTIFICATE OF SERVICE. (RE: related document(s) [40] Declaration About Individual Debtor's Schedules filed by Debtor Michael Leon Brock, Summary Assets and Liabilities, Schedule A/B, Amended Schedule(s) D,E/F (Fee), Schedule H, Schedule I - Your Income, Schedule J - Current Expenditures). Corrective Action due by 5/1/2019 . Entered on Docket by: (LLG) |
| 04/29/2019 | 43 | Order and Notice of Deficiency in Re: . SB Balance Sheet Due: 5/13/2019 .SB Statement of Operations Due 5/13/2019 .SB Cash Flow Statement Due 5/13/2019 .SB Federal Tax Return Due 5/13/2019 . Deficiency or Objection to Case Dismissal due by 5/13/2019 . Entered on Docket by: (LLG) |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2019 | | CLERK'S REQUEST FOR CORRECTIVE ACTION. Failure to correct the deficiency(ies) as stated within 2 days from the date of this request may result in the filed item being dismissed or stricken. The Debtor(s) or attorney for debtor(s) must file an amended master address list (matrix) and/or amended schedule of creditors as to the additional creditors only. THE FILER IS DIRECTED TO SUBMIT THE REQUIRED AMENDED MASTER ADDRESS LIST AND/OR AMENDED SCHEDULE OF CREDITORS. (JOHN DEERE FINANCIAL, SYNCHRONY BANK AND MAHINDRA FINANCE ADDED TO AMENDED SCHEDULE E/F.)The amendment was not accompanied by a certificate of service showing service of a notice of said amendment to affected creditors, the Trustee and the U.S. Trustee. A copy of the proper notice form may be obtained from the court website at www.msnb.uscourts.gov. THE FILER IS DIRECTED TO SUBMIT THE REQUIRED CERTIFICATE OF SERVICE. (RE: related document(s) [40] Declaration About Individual Debtor's Schedules filed by Debtor Michael Leon Brock, Summary Assets and Liabilities, Schedule A/B, Amended Schedule(s) D,E/F (Fee), Schedule H, Schedule I - Your Income, Schedule J - Current Expenditures). Corrective Action due by 5/1/2019 . Entered on Docket by: (LLG) |
| 04/29/2019 | 42 | The court hereby orders and directs William F. Schneller to submit a proposed order (Re: [39] Motion to Redact filed by Creditor Bank of Holly Springs). Order Due by 5/13/2019 Entered on Docket by: (LLG) |
| 04/26/2019 | | Receipt of filing fee for Amended Schedule(s) D,E/F (Fee)(19-10293-JDW) [misc,amdsdef] ( 31.00). Receipt number 8241844, amount $ 31.00. (U.S. Treasury) |
| 04/26/2019 | | Receipt of filing fee for Motion to Redact(19-10293-JDW) [motion,mredact] ( 25.00). Receipt number 8241833, amount $ 25.00. (U.S. Treasury) |
| 04/26/2019 | 41 | Statement of Financial Affairs for Individual Amended Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 04/26/2019 | 40 | Declaration About Individual Debtor's Schedules , Summary of Assets and Liabilities Schedules for Individual , Amended Schedule A/B: Property Individual , Amended Schedule(s) Schedule D Schedule E/F Creditors Added , Amended Schedule H: Individual- Codebtors , Amended Schedule I: Individual- Your Income , Amended Schedule J: Individual- Your Expenses Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 04/26/2019 | 39 | Motion to Redact Filed by William F. Schneller on behalf of Bank of Holly Springs. (Schneller, William) |
| 04/26/2019 | 38 | Amended Document to change status to small business debtor Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[1] Voluntary Petition (Chapter 11) filed by Debtor Michael Leon Brock). (Geno, Craig) |
| 04/02/2019 | 37 | Notice of Appearance and Request for Notice by Ryan Revere Filed by Ryan Revere on behalf of First Security Bank. (Revere, Ryan) |
| 03/17/2019 | 36 | BNC Certificate of Service No. of Notices: 1. Notice Date 03/17/2019. (Related Doc [35]) (Admin.) |
| 03/15/2019 | 35 | Agreed Scheduling Order between Debtor and U.S. Trustee. Entered on Docket by: (ALD) |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2019 | **34** | Meeting of Creditors Held w/Proceeding (related document(s)[18] Meeting of Creditors Chapter 11). (Tharp, Sammye) |
| 03/09/2019 | **33** | BNC Certificate of Service No. of Notices: 1. Notice Date 03/08/2019. (Related Doc [32]) (Admin.) |
| 03/06/2019 | **32** | Order Granting Application to Employ Law Offices of Craig M. Geno, PLLC for Debtor (Related Doc [12]) Entered on Docket by: (ALD) |
| 03/05/2019 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[12] Application to Employ filed by Debtor Michael Leon Brock). Entered on Docket by: (ALD) |
| 03/05/2019 | **31** | Notice of Appearance and Request for Notice by Jerry W. Hisaw Filed by Jerry W. Hisaw on behalf of Angel Martinez. (Hisaw, Jerry) |
| 03/05/2019 | | Notice of Terminated Hearing due to Settlement, Default, Continuance or Dismissal (RE: related document(s)[12] Application to Employ filed by Debtor Michael Leon Brock). Entered on Docket by: (ALD) |
| 03/04/2019 | | Receipt of filing fee for Amended Creditor Matrix(19-10293-JDW) [misc,amdcm] ( 31.00). Receipt number 8131208, amount $ 31.00. (U.S. Treasury) |
| 03/04/2019 | **30** | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[29] Document filed by Debtor Michael Leon Brock). (Geno, Craig) |
| 03/04/2019 | **29** | Document Notice to Each Added Creditor & U.S. Trustee Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[28] Amended Creditor Matrix filed by Debtor Michael Leon Brock, Verification of Matrix). (Geno, Craig) |
| 03/04/2019 | **28** | Amendment to List of Creditors. Fee Amount $31 ., Verification of Matrix Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/26/2019 | **27** | Notice of Appearance and Request for Notice by Amanda M. Beckett Filed by Amanda M. Beckett on behalf of U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates. (Beckett, Amanda) |
| 02/23/2019 | **26** | BNC Certificate of Service No. of Notices: 1. Notice Date 02/23/2019. (Related Doc [25]) (Admin.) |
| 02/21/2019 | **25** | Order Mooting Motion to Extend Time (Related Doc # [21]) Entered on Docket by: (ALD) |
| 02/20/2019 | **24** | Chapter 11 Statement of Your Current Monthly Income Form 122B Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[5] Order and Notice of Deficiency). (Geno, Craig) |
| 02/20/2019 | **23** | Statement of Financial Affairs for Individual Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[5] Order and Notice of Deficiency). (Geno, Craig) |

2/22/2021

Case 19-10293-JDW    Doc 216    Filed 02/22/21    Entered 02/22/21 17:26:16    Desc Main
Document    Page 42 of 61
1-19-bk-10293 | Michael Leon Brock |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2019 | 22 | Declaration About Individual Debtor's Schedules , Summary of Assets and Liabilities Schedules for Individual , Schedule A/B: Property Individual , Schedule C , Schedule D: Creditors Having Claims Secured by Property - Individual. , Schedule E/F: Creditors Who Have Unsecured Claims - Individual. , Schedule G: Individual- Executory Contracts and Unexpired Leases , Schedule H: Individual-Codebtors , Schedule I: Individual- Your Income , Schedule J: Individual- Your Expenses Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/19/2019 | 21 | Motion To Extend Time to File Required Documents Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/14/2019 | 20 | BNC Certificate of Service No. of Notices: 6. Notice Date 02/14/2019. (Related Doc [18]) (Admin.) |
| 02/13/2019 | 19 | BNC Certificate of Service No. of Notices: 1. Notice Date 02/13/2019. (Related Doc [17]) (Admin.) |
| 02/11/2019 | 18 | Meeting of Creditors Chapter 11. 341(a) meeting to be held on 3/7/2019 at 01:00 PM at Oxford City Hall. Last day to oppose discharge or dischargeability is 5/6/2019 . (Tharp, Sammye) |
| 02/11/2019 | | Missing Documents Deadlines Updated (RE: related document(s)[5] Order and Notice of Deficiency, [17] Order on Motion to Extend/Shorten Time). Entered on Docket by: (ALD) |
| 02/11/2019 | 17 | Order Granting Motion to Extend Time to file required documents (Related Doc # [13]) Entered on Docket by: (ALD) |
| 02/08/2019 | 16 | Certificate of Service Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[12] Application to Employ filed by Debtor Michael Leon Brock, [14] Hearing Set (Document)). (Geno, Craig) |
| 02/06/2019 | 15 | Order Directing Craig M. Geno to File a Certificate of Service (Re: [12] Application to Employ filed by Debtor Michael Leon Brock, [14] Hearing Set (Document)). Deadline for Service: 2/11/2019 .Deadline for Filing Certificate of Service: 2/19/2019 . Entered on Docket by: (ALD) |
| 02/06/2019 | 14 | Hearing Set On (RE: related document(s) [12] Application to Employ Law Offices of Craig M. Geno, PLLC as Debtor's Attorney Filed by Craig M. Geno on behalf of Michael Leon Brock.). The Hearing date is scheduled for 3/20/2019 at 10:30 AM at Oxford Federal Building. Responses due by 3/4/2019 . Entered on Docket by: (ALD) |
| 02/06/2019 | | Missing Documents Deadlines Updated (RE: related document(s)[5] Order and Notice of Deficiency. Entered on Docket by: (LLG) |
| 02/05/2019 | 13 | Motion To Extend Time to File Required Documents Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/05/2019 | 12 | Application to Employ Law Offices of Craig M. Geno, PLLC as Debtor's Attorney Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/05/2019 | 11 | Disclosure of Compensation of Attorney for Debtor Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[5] Order and Notice of Deficiency). (Geno, Craig) |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2019 | **10** | For Individual Chapter 11 Cases: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders Filed by Craig M. Geno on behalf of Michael Leon Brock RE: (related document(s)[5] Order and Notice of Deficiency). (Geno, Craig) |
| 02/05/2019 | **9** | Verification of Matrix, Creditor Matrix Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) |
| 02/01/2019 | **8** | Notice of Appearance and Request for Notice by Natalie K. Brown Filed by Natalie K. Brown on behalf of SELECT PORTFOLIO SERVICING, INC.. (Brown, Natalie) |
| 01/25/2019 | **7** | BNC Certificate of Service No. of Notices: 1. Notice Date 01/25/2019. (Related Doc [4]) (Admin.) |
| 01/25/2019 | **6** | BNC Certificate of Service No. of Notices: 1. Notice Date 01/25/2019. (Related Doc [5]) (Admin.) |
| 01/23/2019 | **5** | Order and Notice of Deficiency in Re: . List of all creditors due 2/5/2019 . Statement of Financial Affairs due 2/5/2019 . Atty Disclosure Statement due 2/5/2019 . Verification of Matrix due 2/5/2019 . Summary of Assets and Liabilities due 2/5/2019 . Schedule A/B due 2/5/2019 . Schedule C due 2/5/2019 . Schedule D due 2/5/2019 . Schedule E/F due 2/5/2019 . Schedule G due 2/5/2019 . Schedule H due 2/5/2019 . Schedule I due 2/5/2019 . Schedule J (and J-2 If Applicable) due 2/5/2019 .Chapter 11 Statement of Current Monthly Income Form 122B due by 2/5/2019 . 20 Largest Unsecured Creditors due 2/5/2019 . Deficiency or Objection to Case Dismissal due by 2/5/2019 . Entered on Docket by: (LLG) (Entered: 01/23/2019) |
| 01/23/2019 | **4** | Order for Segregation of Tax Deposits. . Entered on Docket by: (LLG) (Entered: 01/23/2019) |
| 01/22/2019 | **3** | Official Form 121 Statement about your Social Security Number Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) (Entered: 01/22/2019) |
| 01/22/2019 | **2** | Certificate of Credit Counseling Filed by Craig M. Geno on behalf of Michael Leon Brock. (Geno, Craig) (Entered: 01/22/2019) |
| 01/22/2019 | | Receipt of filing fee for Voluntary Petition (Chapter 11)(19-10293) [misc,volp11a] (1717.00). Receipt number 8056272, amount $1717.00. (U.S. Treasury) (Entered: 01/22/2019) |
| 01/22/2019 | **1** | Chapter 11 Voluntary Petition Individual . Chapter 11 Plan due by 05/22/2019 . Disclosure Statement due by 05/22/2019 . Government Proof of Claim due by 7/22/2019 . Non-Government Proofs of Claims due by 5/22/2019 . (Geno, Craig) (Entered: 01/22/2019) |

Fill in this information to identify your case and this filing:

Debtor 1      **Michael Leon Brock**
              First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)   First Name        Middle Name        Last Name

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF MISSISSIPPI

Case number    19-10293-JDW

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

1.1

**5300 Poplar Corner**
Street address, if available, or other description

**Walls         MS     38680-0000**
City           State      ZIP Code

**DeSoto**
County

What is the property? Check all that apply
■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

Who has an interest in the property? Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   $230,000.00

Current value of the portion you own?   $230,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

☐ Check if this is community property (see instructions)



**EXHIBIT "C"**

Debtor 1    **Michael Leon Brock**                                              Case number *(if known)*  **19-10293-JDW**

**If you own or have more than one, list here:**

1.2

**4182 Shadow Ridge Dr.**

Street address, if available, or other description

| What is the property? Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|
| ■ Single-family home | |
| ☐ Duplex or multi-unit building | |
| ☐ Condominium or cooperative | |

**Horn Lake**   **MS**   **38637-0000**

City    State    ZIP Code

| ☐ Manufactured or mobile home | |
|---|---|
| ☐ Land | Current value of the entire property?   Current value of the portion you own? |
| ☐ Investment property | **$100,000.00**   **$100,000.00** |
| ☐ Timeshare | |
| ☐ Other _____ | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |

**Who has an interest in the property?** Check one

**DeSoto**

County

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only   ☐ Check if this is community property
☐ At least one of the debtors and another   (see instructions)

Other information you wish to add about this item, such as local property identification number:

---

**If you own or have more than one, list here:**

1.3

**5333 Desoto Road**

Street address, if available, or other description

| What is the property? Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|
| ■ Single-family home | |
| ☐ Duplex or multi-unit building | |
| ☐ Condominium or cooperative | |

**Horn Lake**   **MS**   **38637-0000**

City    State    ZIP Code

| ☐ Manufactured or mobile home | |
|---|---|
| ☐ Land | Current value of the entire property?   Current value of the portion you own? |
| ☐ Investment property | **$200,000.00**   **$200,000.00** |
| ☐ Timeshare | |
| ☐ Other _____ | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |

**Who has an interest in the property?** Check one

**DeSoto**

County

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only   ☐ Check if this is community property
☐ At least one of the debtors and another   (see instructions)

Other information you wish to add about this item, such as local property identification number:

---

Official Form 106A/B                    Schedule A/B: Property                          page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

Debtor 1    Michael Leon Brock    Case number (if known)    19-10293-JDW

If you own or have more than one, list here:

1.4

5300 Poplar Corner

Street address, if available, or other description

What is the property? Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative

☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
■ Other    Shed w/ Contents

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Walls    MS    38680-0000

City    State    ZIP Code

Current value of the entire property?    Current value of the portion you own?

$2,000.00    $2,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

DeSoto

County

Other information you wish to add about this item, such as local property identification number:

Shed with contents

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................................=>

$532,000.00

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases*.

3.  Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

3.1    Make:    Chevy

Model:    Suburban
Year:    2014
Approximate mileage:
Other information:

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property?    Current value of the portion you own?

$35,000.00    $35,000.00

3.2    Make:    Ford

Model:    F-350
Year:    2002
Approximate mileage:
Other information:

Who has an interest in the property? Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

Current value of the entire property?    Current value of the portion you own?

$5,000.00    $5,000.00

Official Form 106A/B    Schedule A/B: Property    page 3

Debtor 1    **Michael Leon Brock**                                                  Case number *(if known)*   **19-10293-JDW**

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

| | | |
|---|---|---|
| 4.1 Make: **2014 KTM Dirt Bike** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: | ■ Debtor 1 only | |
| Year: | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $5,500.00      $5,500.00 |

| | | |
|---|---|---|
| 4.2 Make: **KTM 500 XC-W Dirt Bike** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: | ■ Debtor 1 only | |
| Year: | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $4,500.00      $4,500.00 |

| | | |
|---|---|---|
| 4.3 Make: **Dirt Bike Accessories** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: | ■ Debtor 1 only | |
| Year: | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $1,000.00      $1,000.00 |

| | | |
|---|---|---|
| 4.4 Make: **Pace Enclosed Trailer** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: | ■ Debtor 1 only | |
| Year: | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $6,000.00      $6,000.00 |

| | | |
|---|---|---|
| 4.5 Make: **Generator on Pace Trailer** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: | ■ Debtor 1 only | |
| Year: | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $2,000.00      $2,000.00 |

| | | |
|---|---|---|
| 4.6 Make: **Honda Generator** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Model: | ■ Debtor 1 only | |
| Year: | ☐ Debtor 2 only | Current value of the entire property? / Current value of the portion you own? |
| Other information: | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | |
| | ☐ Check if this is community property (see instructions) | $600.00      $600.00 |

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
.pages you have attached for Part 2. Write that number here......................................................=>      **$59,600.00**

Debtor 1   **Michael Leon Brock**                                    Case number *(if known)*   **19-10293-JDW**

**Part 3:    Describe Your Personal and  Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

   | Washer, Dryer, 2 Refrigerators, Dishwasher, Stove, Microwave, Couch Set, Lamps, Bedroom Suite, Kids Beds, Dressers, Entertainment Center | $6,075.00 |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

   | 3 TVs, Wii, Wii U and Nintendo 64 and games, Movies | $1,350.00 |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ■ Yes.  Describe.....

   | Pool Table, Ping Pong Table, 3 Kids Bikes, Electric Piano, Basketball Goal | $800.00 |

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

    | Clothes, Shoes, Accessories | $2,800.00 |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes.  Describe.....

    | Costume Jewelry | $50.00 |

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☐ No

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor 1 | Michael Leon Brock | | Case number (if known) | 19-10293-JDW |

■ Yes. Describe.....

| Outside Cat | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
for Part 3. Write that number here .......................................................................

| $11,075.00 |

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own? Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
■ Yes...................................................................................

| | Cash | $2,000.00 |

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes........................

Institution name:

***Potts Camp Bank**

| | 17.1. | Checking | Actual balance is -$26,000.00 | $0.00 |
| | 17.2. | Checking | First Security Bank | $1,219.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................

Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
■ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| ***Tri-State Enterprises, LLC | 100% | % | $818,167.16 |
| ***Tri-State Motors, LLC | 100 | % | $250,000.00 |
| ***Southern Dirt Riders, LLC | 100 | % | $0.00 |
| ***MLB Investments | 100 | % | $500,000.00 |

Debtor 1   **Michael Leon Brock**                                                                Case number *(if known)*   **19-10293-JDW**

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
                              Issuer name:

21. **Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ■ No
   ☐ Yes. List each account separately.
                    Type of account:            Institution name:

22. **Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. .....................                       Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes............            Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
   ■ No
   ☐ Yes............            Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property** (other than anything listed in line 1), and rights or powers exercisable for your benefit
   ■ No
   ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ■ No
   ☐ Yes. Give specific information about them...

**Money or property owed to you?**                                                 Current value of the
                                                                                   portion you own?
                                                                                   Do not deduct secured
                                                                                   claims or exemptions.

28. **Tax refunds owed to you**
   ■ No
   ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

                                                                                   _____

29. **Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
             benefits; unpaid loans you made to someone else
   ■ No
   ☐ Yes. Give specific information..

Official Form 106A/B                           Schedule A/B: Property                                page 7

Debtor 1   **Michael Leon Brock**                                                    Case number *(if known)*   **19-10293-JDW**

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    Company name:                          Beneficiary:                          Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes. Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here................................................................................................ | $1,571,386.16 |

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ☐ No. Go to Part 6.
    ■ Yes. Go to line 38.

    Current value of the portion you own?
    Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
    ■ No
    ☐ Yes. Describe.....

39. **Office equipment, furnishings, and supplies**
    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
    ■ No
    ☐ Yes. Describe.....

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
    ■ No
    ☐ Yes. Describe.....

41. **Inventory**
    ■ No
    ☐ Yes. Describe.....

42. **Interests in partnerships or joint ventures**
    ■ No

Official Form 106A/B                          Schedule A/B: Property                          page 8

Case 19-10293-JDW   Doc 40   Filed 04/26/19   Entered 04/26/19 18:02:38   Desc Main
Document      Page 12 of 27

Debtor 1   **Michael Leon Brock**                                            Case number *(if known)*   **19-10293-JDW**

☐ Yes.  Give specific information about them...................
          Name of entity:                                      % of ownership:

**43. Customer lists, mailing lists, or other compilations**
   ■ No.
   ☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

      ■ No
      ☐ Yes.  Describe.....

**44.  Any business-related property you did not already list**
   ☐ No
   ■ Yes. Give specific information.........

| | |
|---|---|
| Real Estate previously described in 1.2, 1.3, and 1.4 - value already accounted for | $0.00 |

**45.   Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here........................................................................**   $0.00

**Part 6:**   Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

**Part 7:**   Describe All Property You Own or Have an Interest In That You Did Not List Above

**53.  Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

**54.  Add the dollar value of all of your entries from Part 7. Write that number here** ...................................   $0.00

**Part 8:**   List the Totals of Each Part of this Form

| | | | |
|---|---|---|---|
| 55.  Part 1: Total real estate, line 2 ................................................................................ | | | $532,000.00 |
| 56.  Part 2: Total vehicles, line 5 | $59,600.00 | | |
| 57.  Part 3: Total personal and household items, line 15 | $11,075.00 | | |
| 58.  Part 4: Total financial assets, line 36 | $1,571,386.16 | | |
| 59.  Part 5: Total business-related property, line 45 | $0.00 | | |
| 60.  Part 6: Total farm- and fishing-related property, line 52 | $0.00 | | |
| 61.  Part 7: Total other property not listed, line 54 | + | $0.00 | |
| 62.  Total personal property. Add lines 56 through 61... | $1,642,061.16 | Copy personal property total | $1,642,061.16 |
| 63.  Total of all property on Schedule A/B. Add line 55 + line 62 | | | $2,174,061.16 |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                            Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Michael Leon Brock** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) | **19-10293-JDW** |

■ Check if this is an
amended filing

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>if any |
|---|---|---|---|---|
| **2.1 \*\*\*SPS** | Describe the property that secures the claim: | $15,394.00 | $230,000.00 | $0.00 |
| Creditor's Name | 5300 Poplar Corner Walls, MS 38680 DeSoto County | | | |
| P.O. Box 65250 Salt Lake City, UT 84165-0250 | As of the date you file, the claim is: Check all that apply. | | | |
| Number, Street, City, State & Zip Code | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | | |
| **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. | | | |
| ■ Debtor 1 only | ☐ An agreement you made (such as mortgage or secured car loan) | | | |
| ☐ Debtor 2 only | | | | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) | | | |
| ☐ At least one of the debtors and another | ☐ Judgment lien from a lawsuit | | | |
| ☐ Check if this claim relates to a community debt | ☐ Other (including a right to offset) | | | |
| Date debt was incurred _____ | Last 4 digits of account number    3522 | | | |
| **2.2 First Security Bank** | Describe the property that secures the claim: | $97,372.84 | $230,000.00 | $0.00 |
| Creditor's Name | 5300 Poplar Corner Walls, MS 38680 DeSoto County | | | |
| P. O. Box 690 Batesville, MS 38606 | As of the date you file, the claim is: Check all that apply. | | | |
| Number, Street, City, State & Zip Code | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | | |
| **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. | | | |
| ■ Debtor 1 only | ☐ An agreement you made (such as mortgage or secured car loan) | | | |
| ☐ Debtor 2 only | | | | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Statutory lien (such as tax lien, mechanic's lien) | | | |
| ☐ At least one of the debtors and another | ☐ Judgment lien from a lawsuit | | | |
| ☐ Check if this claim relates to a community debt | ■ Other (including a right to offset)    Line of Credit | | | |
| Date debt was incurred _____ | Last 4 digits of account number    4569 | | | |

EXHIBIT "D"

| Debtor 1 | Michael | Leon | Brock | | Case number (if known) | 19-10293-JDW |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| 2.3 | **First Security Bank** | Describe the property that secures the claim: | $28,833.25 | $100,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

4182 Shadow Ridge Dr. Horn Lake,
MS 38637  DeSoto County

P. O. Box 690
Batesville, MS 38606
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____     Last 4 digits of account number    0376

| 2.4 | **Potts Camp Bank** | Describe the property that secures the claim: | $209,000.00 | $200,000.00 | $9,000.00 |
|---|---|---|---|---|---|

Creditor's Name

5333 Desoto Road Horn Lake, MS
38637  DeSoto County

6640 Church Ave
Potts Camp, MS 38659
Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____     Last 4 digits of account number    1033

Add the dollar value of your entries in Column A on this page. Write that number here:          | $350,600.09 |
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:          | $350,600.09 |

**Part 2:**   List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| Debtor 1 | Michael Leon Brock | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF MISSISSIPPI

Case number    19-10293-JDW
(if known)

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?
    ☐ No. Go to Part 2.
    ■ Yes.

2.  List all of your priority unsecured claims. If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** | **DeSoto County Tax Collector** | | | |
| | Priority Creditor's Name    Last 4 digits of account number ___ ___ ___ ___ | $5,239.60 | $5,239.60 | $0.00 |
| | **Att'n: Joey Treadway** | | | |
| | **365 Losher St., Ste. 110** | When was the debt incurred? _____ | | |
| | **Hernando, MS 38632-2144** | | | |
| | Number Street City State Zip Code | | | |
| | Who incurred the debt? Check one. | As of the date you file, the claim is: Check all that apply | | |
| | ■ Debtor 1 only | ☐ Contingent | | |
| | ☐ Debtor 2 only | ☐ Unliquidated | | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | |
| | ☐ At least one of the debtors and another | Type of PRIORITY unsecured claim: | | |
| | ☐ Check if this claim is for a community debt | ☐ Domestic support obligations | | |
| | Is the claim subject to offset? | ■ Taxes and certain other debts you owe the government | | |
| | ■ No | ☐ Claims for death or personal injury while you were intoxicated | | |
| | ☐ Yes | ☐ Other. Specify _____ | | |

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?

    ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

    ■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

    Total claim

Debtor 1   Michael Leon Brock _____   Case number (if known) ___19-10293-JDW___

---

**4.1**   ***John Deere Financial
Nonpriority Creditor's Name
P.O. Box 6600
Johnston, IA 50131-6600
Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number _____           $136,312.59

When was the debt incurred?         _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

**4.2**   ***Potts Camp Bank
Nonpriority Creditor's Name
6640 Church Ave
Potts Camp, MS 38659
Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number   9418           $297,387.00

When was the debt incurred?         _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

**4.3**   ***Potts Camp Bank
Nonpriority Creditor's Name
6640 Church Ave
Potts Camp, MS 38659
Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?

■ No
☐ Yes

Last 4 digits of account number   3933           $154,995.56

When was the debt incurred?         _____

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

Debtor 1    **Michael Leon Brock**                                                    Case number (if known)    19-10293-JDW

| | | |
|---|---|---|
| **4.4** | ***Potts Camp Bank | Last 4 digits of account number   2916   $18,912.15 |

Nonpriority Creditor's Name
**6640 Church Ave**
**Potts Camp, MS 38659**
Number Street City State Zip Code

**Who incurred the debt? Check one.**
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
■ No
☐ Yes

**When was the debt incurred?**  _____

**As of the date you file, the claim is: Check all that apply**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  _____

---

| | | |
|---|---|---|
| **4.5** | ***Potts Camp Bank | Last 4 digits of account number   5686   $62,230.35 |

Nonpriority Creditor's Name
**6640 Church Ave**
**Potts Camp, MS 38659**
Number Street City State Zip Code

**Who incurred the debt? Check one.**
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
■ No
☐ Yes

**When was the debt incurred?**  _____

**As of the date you file, the claim is: Check all that apply**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  _____

---

| | | |
|---|---|---|
| **4.6** | ***Potts Camp Bank | Last 4 digits of account number   9843   $31,257.37 |

Nonpriority Creditor's Name
**6640 Church Ave**
**Potts Camp, MS 38659**
Number Street City State Zip Code

**Who incurred the debt? Check one.**
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
■ No
☐ Yes

**When was the debt incurred?**  _____

**As of the date you file, the claim is: Check all that apply**
☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor 1  **Michael Leon Brock**                                   Case number (if known)   19-10293-JDW

| 4.7 | ***Synchrony Bank | Last 4 digits of account number ___ | $1,950.09 |

Nonpriority Creditor's Name
P.O. Box 960061
Orlando, FL 32896-0061
Number Street City State Zip Code

When was the debt incurred? ___

Who incurred the debt? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ☑ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify ___

| 4.8 | BlueGreen Resorts Management | Last 4 digits of account number  2892 | $1,723.94 |

Nonpriority Creditor's Name
P.O. Box 630980
Cincinnati, OH 45263-0980
Number Street City State Zip Code

When was the debt incurred? ___

Who incurred the debt? Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ☑ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify ___

| 4.9 | Campbell's Clinic | Last 4 digits of account number  1366 | $662.00 |

Nonpriority Creditor's Name
P.O. Box 14000
Belfast, ME 04915-4033
Number Street City State Zip Code

When was the debt incurred? ___

Who incurred the debt? Check one.
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ☑ No
- ☐ Yes

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify ___

Debtor 1   **Michael Leon Brock**                                              Case number (if known)   **19-10293-JDW**

| | |
|---|---|
| 4.1 0 | |

**Campbell's Clinic**
Nonpriority Creditor's Name
**P.O. Box 14000**
**Belfast, ME 04915-4033**
Number Street City State Zip Code

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

Last 4 digits of account number   **1366**                                    **$254.79**

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

| | |
|---|---|
| 4.1 1 | |

**Mahindra Finance**
Nonpriority Creditor's Name
**P.O. Box 14440**
**Des Moines, IA 50306-3440**
Number Street City State Zip Code

Who incurred the debt? Check one.

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ■ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

Last 4 digits of account number                                              **$4,600.00**

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

| | |
|---|---|
| 4.1 2 | |

**Methodist Memphis**
Nonpriority Creditor's Name
**P.O. Box 75947**
**Charlotte, NC 28275-5957**
Number Street City State Zip Code

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?

- ■ No
- ☐ Yes

Last 4 digits of account number   **9772**                                    **$301.00**

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify

---

Debtor 1    Michael Leon Brock                                                  Case number (if known)    19-10293-JDW

| 4.1 3 | Saint Francis Hospital | Last 4 digits of account number | 1319 | $6,840.58 |

Nonpriority Creditor's Name

P.O. Box 741274
Atlanta, GA 30374-1274

**When was the debt incurred?**

Number Street City State Zip Code

**As of the date you file, the claim is: Check all that apply**

**Who incurred the debt? Check one.**

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
□ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

| 4.1 4 | Snap On Credit | Last 4 digits of account number | 4361 | $2,471.83 |

Nonpriority Creditor's Name

950 Technology Way
Suite 301
Libertyville, IL 60048

**When was the debt incurred?**

Number Street City State Zip Code

**As of the date you file, the claim is: Check all that apply**

**Who incurred the debt? Check one.**

■ Debtor 1 only
□ Debtor 2 only
□ Debtor 1 and Debtor 2 only
□ At least one of the debtors and another
□ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
□ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|   |   |   | Total Claim |
|---|---|---|---|
| **Total claims from Part 1** | 6a. Domestic support obligations | 6a. $ | 0.00 |
|  | 6b. Taxes and certain other debts you owe the government | 6b. $ | 5,239.60 |
|  | 6c. Claims for death or personal injury while you were intoxicated | 6c. $ | 0.00 |
|  | 6d. Other. Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
|  | 6e. Total Priority. Add lines 6a through 6d. | 6e. $ | 5,239.60 |

|   |   |   | Total Claim |
|---|---|---|---|
| **Total claims from Part 2** | 6f. Student loans | 6f. $ | 0.00 |
|  | 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. $ | 0.00 |

| Debtor 1 | **Michael Leon Brock** | | Case number *(if known)* | **19-10293-JDW** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | 0.00 |
| 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 719,899.25 |
| 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ | 719,899.25 |