IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IN RE:

MICHAEL LEON BROCK,

    Debtor.

BK Case 19-10293
Chapter 11

Judge: Jason D. Woodard

## U.S. BANK'S OBJECTION TO CONFIRMATION

COMES NOW, U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates ("U.S. Bank"), and files this Objection to Confirmation of the Debtor's Chapter 11 Plan [Doc. 217], respectfully showing this Honorable Court as follows:

1. U.S. Bank is the holder of Claim No. 16, which is secured only by a deed of trust that encumbers the Debtor's principal residence, located 5300 Poplar Corner Road, Walls, MS 38680.

2. The Plan provides treatment for U.S. Bank's claim in Class 5 (identified as the clam of Select Portfolio Servicing (SPS), inc. U.S. Banks loan servicer). The proposed treatment is as follows:

> In the latter part of 2020, the Debtor began making interim adequate protection payments to SPS and he will continue doing so up until the effective date. Upon the Effective Date, the Debtor will resume normal, monthly installments to SPS. Any defaulted monthly installments or payments that have not been made to SPS during the pendency of this case will be added to the end of the loan. The secured claims of SPS are impaired.

[Doc. 217] at p. 3.

3. The Debtor began making adequate protection payments in response to a Motion for Relief from Stay filed by SPS on May 20, 2020. *See* [Doc. 155]. When this motion was filed,

1

the Debtor was 15 months behind on his mortgage. *Id.* at p. 2. The adequate protection payments represent only a resumption of ongoing payments in October 2020 but did not address the arrearage that had accumulated. *See* [Doc. 196]. Accordingly, the Debtor is behind at least 19 payments.

4.      U.S. Bank objects to this treatment. As a claim secured only by the Debtor's principal residence, U.S. Bank's rights may not be modified. *See* 11 U.S.C. § 1123(b)(5). These "rights" include, among others, the right to be paid as specified in the operative loan documents. *See, e.g., Nobleman v. Am. Savings Bank*, 508 U.S. 324, 329 (1993). If a plan does not comply with § 1123(b)(5), it cannot be confirmed. *See* 11 U.S.C. § 1129(a)(1).

5.      The proposed treatment clearly attempts to modify U.S. Bank's rights because the Debtor is proposing to modify his payment schedule and add a balloon payment to the end of the loan. This is impermissible and confirmation should be denied.

WHEREFORE, U.S. Bank respectfully requests that this Court inquire into the matters raised herein and deny confirmation of the Plan.

Respectfully submitted, this 25th day of March, 2021.

*/s/ Amanda M. Beckett*
Amanda M. Beckett
Mississippi Bar No. 102732
**RUBIN LUBLIN, LLC**
428 North Lamar Blvd., Suite 107
Oxford, Mississippi 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rlselaw.com

*Attorney for U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 25th day of March, 2021, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

/s/ *Amanda M. Beckett*
AMANDA M. BECKETT
Mississippi Bar No. 102732