**SO ORDERED,**



*Judge Jason D. Woodard*

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL LEON BROCK, | ) | Case No.:  19-10293-JDW |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *U.S. Bank's Objection to Confirmation* (the "Objection") (Dkt. # 227).  The bank objects to the debtor's *Plan of Reorganization* (Dkt. # 217) because it proposes to extend the maturity date of the loan.  As this is a chapter 11 case and the bank's claim is secured only by the debtor's principal residence, the debtor may not modify the bank's rights by extending the loan term.  The Objection is due to be sustained.

1

# I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (L), and (O).

# II. FINDINGS OF FACT

The debtor's proposed plan of reorganization identifies the bank's claim as the secured claim of Select Portfolio Servicing ("SPS") (Dkt. # 217, p. 3).[1] The claim is listed as secured on the debtor's Schedule D with the debtor's principal residence serving as the only collateral (Dkt. ## 1, 22). The plan proposes to resume the normal monthly installment payments to SPS and provides that "[a]ny defaulted monthly installments or payments that have not been made to SPS during the pendency of this case will be added to the end of the loan" (Dkt. # 217, p. 3). In other words, the debtor seeks to continue making the monthly payments as provided in the loan documents, but to add every missed payment to the end of the loan, thereby extending the maturity date by the number of months the debtor is in arrears.

---

[1] SPS is the servicer of the debt for the bank.

## III. CONCLUSIONS OF LAW

The Bankruptcy Code[2] provides that a chapter 11 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . . ."[3] The only collateral here is the debtor's principal residence.

The language found in section 1123(b)(5) is identical to that of section 1322(b)(2), which prohibits the same modifications in a chapter 13 plan.[4] But section 1322(c)(2) adds an exception to the anti-modification provision. It provides:

> [i]n a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim. . . .[5]

This exception provides a narrow instance in which the debtor may extend the maturity date to the end of the bankruptcy plan if the home loan matures during the pendency of the bankruptcy.[6]

---

[2] Use of the terms "Section" or "Code" refer to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless noted otherwise.
[3] 11 U.S.C. § 1123(b)(5).
[4] 11 U.S.C. § 1322(b)(2) ("Subject to subsections (a) and (c) of this section, the plan may— modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims").
[5] 11 U.S.C. § 1322(c)(2).
[6] *In re Sampson*, No. 3:18-BK-104-JAF, 2018 WL 4786404, at *2 n.1 (Bankr. M.D. Fla. Sept. 6, 2018) ("Without § 1322(c)(2), § 1322(b)(2) would bar the extension of payments on a debt that was or became due prior to the petition date or during the repayment period in Chapter 13 cases").

3

Chapter 11 has no counterpart to the exception provided in chapter 13. In fact, section 1123(b)(5) was added to the Bankruptcy Code at the same time as the exception in section 1322(c)(2) and Congress chose not to add an exception for chapter 11 cases.[7] "[C]onsequently, Chapter 11 became restrictive where it was not and Chapter 13 became more permissive where it had not been."[8]

Under the rules of statutory construction, when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion."[9] This Court finds it determinative that Congress included the exception in chapter 13 but not chapter 11.[10]

Most of the courts that have dealt with this issue agree that debtors cannot import the chapter 13 exception into a chapter 11 case.[11] One court explained:

---

[7] 7 *Collier on Bankruptcy* ¶ 1123.02[5] (Richard Levin & Henry J. Sommer eds., 16th ed.) ("[A]t the same time that it added section 1123(b)(5), Congress also created exceptions to the prohibition of modification in chapter 13, so that it is now more likely that a home mortgage can be modified in chapter 13 than in chapter 11").

[8] *In re Clay*, 204 B.R. 786, 789 (Bankr. N.D. Ala. 1996).

[9] *Rodriguez v. U.S.*, 480 U.S. 522 (1987) (internal quotations omitted).

[10] *Andrus v. Glover Const. Co.*, 446 U.S. 608, 616–17 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent").

[11] *In re Haake*, 483 B.R. 524, 534 (Bankr. W.D. Wis. 2012). *See also*, *Sampson*, No. 3:18-BK-104-JAF, 2018 WL 4786404, at *2 n.1; *In re Crump*, 529 B.R. 106, 112 (Bankr. D.S.C. 2015);

4

> This Court finds it significant that Congress amended one part of a statute in one fashion, and at the same time and through the same legislation amended another part of the same statute to include an opposing provision. This Court may reasonably conclude that Congress intended to provide different relief for Chapter 13 debtors than that provided Chapter 11 debtors although the default is the same for both debtors.[12]

In contrast, the debtor cites just one case, *In re Lennington*, which held that chapter 11 debtors may cure their prepetition arrearage on residential mortgages by making installment payments under their plan without modifying the rights of the claim holder.[13] As the *Sampson* court notes, however, "a Chapter 11 plan's proposal to extend the terms and maturity date of a fully matured loan is a modification rather than a cure" and is thus barred by section 1123(b)(5).[14]

Because the loan will mature during the pendency of the case, the debtor seeks to have this Court apply the exception provided in 1322(c)(2) in a chapter 11 case. Section 1123(b)(5) prohibits such a modification. The debtor may not extend the loan term because the loan is secured solely by the debtor's principal

---

*In re Silva*, No. 09-29226-BKC-AJC, 2010 WL431771, at *2 (Bankr. S.D. Fla. 2010); *Clay*, 204 B.R. at 789.
[12] *Clay*, 204 B.R. at 790.
[13] *In re Lennington*, 288 B.R. 802 (Bankr. C.D. Ill. 2003).
[14] *Sampson*, No. 3:18-BK-104-JAF, 2018 WL 4786404, at *2. *See also Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993) (a mortgagee's right to receive payments over a fixed term is a protected right under the Bankruptcy Code).

5

residence. As the plan fails to comply with section 1123(b)(5), it may not be confirmed.[15]

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Objection (Dkt. # 227) is **SUSTAINED** and the debtor shall file an amended plan within 21 days, failing which the case shall be dismissed.

##END OF OPINION##

---

[15] 11 U.S.C. § 1129(a)(2) ("The court shall confirm a plan only if … the proponent of the plan complies with the applicable provisions of this title").