IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

In re:

MICHAEL LEON BROCK  Case No. 19-10293-JDW
Debtor  Chapter 11

OBJECTION TO CONFIRMATION
BY FIRST SECURITY BANK

**COMES NOW,** First Security Bank ("FSB"), by and through its counsel of record and submits this objection (the "Objection") to confirmation of the First Amended Plan of Reorganization dated June 1, 2021 (the "Plan") (Doc. 247) filed by Michael Leon Brock (the "Debtor") in this case. In support of its Objection, FSB would show to the Court as follows:

1. FSB is the holder of a secured claim, as of the petition date, in the approximate amount of $97,441.97, which claim (the "Claim") is evidenced by that certain Promissory Note in the original principal amount of $100,000 dated March 5, 2015 (the "Note").

2. The Note and the obligations thereunder are secured by a duly recorded deed of trust recorded on March 25, 2015 in Deed of Trust Book 3,955 at Page 260 in the Office of the Chancery Clerk of Desoto County, Mississippi (the "Deed of Trust") which encumbers that certain real property known as 5300 Poplar Corner, Walls, Mississippi, more particularly described in said Deed of Trust (the "Property") which is the Debtor's principal residence. The Note and Deed of Trust provides for the allowance and payment of attorneys' fees and costs in the event that FSB must collect, enforce or protect the security for repayment.

3. The Debtor filed the instant chapter 11 case on January 22, 2019.

4. The Plan, rather than filing an entirely new plan, proposes only to amend the original Chapter 11 Plan of Reorganization filed on February 22, 2021 (Doc. 217) by amending the treatment of U.S. Bank/Select Portfolio Servicing. (Doc 247 at ¶ 3). Therefore, the Debtors proposal for the treatment of FSB's Claim remains the same as set forth in the original Plan of Reorganization filed on February 22, 2021 (Doc. 217). The Plan proposes the following treatment for FSB's Claim:

**Class 3:    Secured Claims of First Security Bank ("First Security")**

The secured claims of First Security have been paid in full.

Plan of Reorganization (Doc. 217 at 3 and Doc. 247 at ¶ 3).

### OBJECTIONS TO CONFIRMATION

5. FSB objects to confirmation of the Plan, as proposed, because the Plan fails to satisfy the requirements of 11 U.S.C. § 1123 (b)(5), 1129(a)(7), (a)(8)(A) and (b)(2)(A).

6. FSB's Claim is secured by the Debtors principal residence and FSB's rights may not be modified pursuant to 11 U.S.C. § 1123(b)(5). The Plan proposes to modify FSB's rights.

7. Additionally, FSB has not accepted the Plan and the Plan does not provide that FSB will receive or retain under the Plan property of a value, as of the effective date of the plan, that is not less than the amount that such FSB would so receive or retain if the Debtor were liquidated under chapter 7. Therefore, the Plan does not satisfy the provisions of § 1129(a)(7) or (a)(8)(A). Further, the treatment provided to FSB's Claim in Class 3 leaves it impaired inasmuch as the proposed treatment does not satisfy any of the requirements of 11 U.S.C. § 1129(b)(2)(A). FSB's Claim has not been paid in full.

**11 U.S.C. 1123(b)(5)**

8. FSB's Claim is secured by the Debtor's principal residence. A chapter 11 plan may not modify the rights of holders of secured claims which are secured by "a security interest in real property that is the debtor's principal residence." 11 U.S.C. 1325(b)(5). FSB has the right to be paid pursuant to the Note and other loan documents. The Plan seeks to wholly modify the rights of FSB as it provides for no payment of FSB's claim and seeks to wipe out FSB's Claim in its entirety with no payments being made to FSB. This proposed treatment of FSB's Claim is not allowed by bankruptcy law.

**FSB's Claim is Impaired.**

9. Pursuant to 11 U.S.C. § 1124, a claim is presumed impaired, unless the plan: (1) leaves unaltered the "legal, equitable, and contractual rights" of the claimant; or (2) cures any pre-petition default, compensates the claimant for certain damages the claimant incurred, and does not otherwise alter the claimants "legal, equitable, and contractual rights." See 11 U.S.C. § 1124(1) & (2). Here, the Plan alters FSB's "legal, equitable, [or] contractual rights" and FSB is impaired unless the Plan proposes to provide for FSB's retention of its liens and to receive deferred cash payments, a sale of the Property with FSB's lien attaching to the proceeds and to pay FSB's fees, costs and charges provided for in the Note and Deed of Trust.

**Confirmation under Cramdown Provisions of § 1129(b).**

10. Because the Plan fails to satisfy all the requirements for confirmation under §1129(a), confirmation must occur, if at all, under § 1129(b). The treatment provided for FSB's claim in the Plan fails to satisfy the requirements of § 1129(b)(2)(A).

**The Plan is not fair and equitable as required by § 1129(b)(2)(A).**

11. To satisfy the "fair and equitable" requirement with respect to a class of secured claims, a plan must provide: (i) that the holders of such claims retain their liens and receive

deferred cash payments totaling at least the allowed amount of the claim and of at least the value of such holder's interest in the estate's interest in the collateral; (ii) for the sale of the collateral, subject to § 363(k), free and clear of liens with the holder's lien attaching to the proceeds of the sale; or (iii) for the realization by the holder of the "indubitable equivalent" of its claim. 11 U.S.C. § 1129(b)(2)(A).

12. The Plan does not provide that FSB will retain its lien on the Property and that FSB will receive deferred cash payments provided by 11 U.S.C. § 1129(b)(2)(A)(i)(II).

13. Further, the Plan does not provide for the sale of the Property or that FSB will receive the "indubitable equivalent" of its Claim. The Plan makes no provisions for the treatment of FSB's claim other than to state FSB's claims have been paid in full, which they have not.

14. Lastly, the Plan fails to account for FSB's entitlement to interest, fees, costs or charges provided for in the Note and Deed of Trust which are allowable under 11 U.S.C. § 506(b).

**WHEREFORE,** based upon the foregoing, First Security Bank objects to confirmation of the Plan and prays that the Court deny confirmation of the Plan and grant it such other, further and general relief to which it may be entitled.

Respectfully submitted this the 25th day of June, 2021.

                                              SMITH, PHILLIPS, MITCHELL,
                                              SCOTT & NOWAK, LLP

                                              /s/ *Ryan Revere*
                                              Ryan Revere (MSB #103652)
                                              P.O. Box 1586
                                              Batesville, MS 38606
                                              (662) 563-4613
                                              (662) 563-1546 facsimile
                                              rrevere@smithphillips.com

**Counsel for First Security Bank**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by the Court's ECF system on all parties registered to receive electronic notice in this case.

Dated this the 25th day of June, 2021.

                                          */s/ Ryan Revere*
                                          RYAN REVERE