IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

IN RE:

MICHAEL LEON BROCK,

    Debtor.

Case No. 19-10293
Chapter 11

Judge: Jason D. Woodard

## U.S. BANK'S OBJECTION TO CONFIRMATION

COMES NOW, U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates ("U.S. Bank"), and files this Objection to Confirmation of the Debtor's Amended Chapter 11 Plan [Doc. 247], respectfully showing this Honorable Court as follows:

1.    U.S. Bank is the holder of Claim No. 16, which is secured only by a deed of trust that encumbers the Debtor's principal residence, located 5300 Poplar Corner Road, Walls, MS 38680.

2.    The Plan proposes treatment of U.S. Bank's claim (identified as the claim of Select Portfolio Servicing (SPS), inc. U.S. Bank's loan servicer) as follows:

> The Debtor shall continue payment of the monthly payments that he has been paying to the Bank since the fall of 2020. Subject to the final paragraph of this amended treatment of the Bank, the Bank's claim shall mature and be fully due and payable according to its own terms.
>
> This treatment is subject, however, to the Bank affording the Debtor similar treatment that it has extended to other mortgagors who have experienced financial difficulties due to COVID-19. The Bank has not extended that courtesy, that obligation or that formality to the Debtor, despite Debtor' s request therefor. In the event the Debtor and the Bank reach a post-confirmation agreement with respect to mitigation or other modification of the Bank's claims and treatment thereof, Debtor's counsel shall provide a notice to the Court and creditors accordingly.

3.  U.S. Bank objects to this treatment. As a claim secured only by the Debtor's principal residence, U.S. Bank's rights may not be modified. *See* 11 U.S.C. § 1123(b)(5). These "rights" include, among others, the right to be paid as specified in the operative loan documents. *See, e.g., Nobleman v. Am. Savings Bank*, 508 U.S. 324, 329 (1993). If a plan does not comply with § 1123(b)(5), it cannot be confirmed. *See* 11 U.S.C. § 1129(a)(1).

4.  The treatment seems to seek to modify U.S. Bank's rights by stating that "treatment is subject . . . to the Bank affording the Debtor similar treatment that it has extended to other mortgagors who have experienced financial difficulties due to COVID-19." Although the intent appears to be just that the treatment would be changed if a voluntary modification is offered, the plain meaning of having treatment "subject to" this requirement is that U.S. Bank will only be paid if it offers a modification. This cannot be allowed, and U.S. Bank must be paid as promised in the contractual documents with no modifications.

5.  Additionally, the Amended Plan is not feasible.

> Section 1129(a)(11) embodies what is known as the "feasibility" test for confirmation. A plan is feasible if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor ..., unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11); *Save Our Springs (S.O.S.) Alliance, Inc. v. WSI (II)-COS, L.L.C. (In re Save Our Springs (S.O.S.) Alliance, Inc.)*, 632 F.3d 168, 172 (5th Cir. 2011). The feasibility standard requires a court to consider whether the plan offers a reasonable probability of success. *Fin. Sec. Assurance Inc. v. T-H New Orleans Ltd. P'ship (In re T-H New Orleans Ltd. P'ship)*, 116 F.3d 790, 801 (5th Cir. 1997). "Debtors are not required to view business and economic prospects in the worst possible light." *Id.* at 802. When assessing whether a plan of reorganization is feasible, bankruptcy courts consider factors such as the adequacy of the debtor's capital structure, the earning power of the business, economic conditions, the ability of management, the probability of the continuation of the same management, and any other related matter. *In re Mortg. Inv. Co. of El Paso, Tex.*, 111 B.R. 604, 611 n.8 (Bankr. W.D. Tex. 1990). "[A] court can weigh (or indeed ignore) various factors as its discretion." *In re Geijsel*, 480 B.R. 238, 257 (Bankr. N.D. Tex. 2012).

*In re Two Streets, Inc.*, 597 B.R. 309, 317 (Bankr. S.D. Miss. 2019).

6.     Here, the Debtor's most recent operating report from May 26, 2021 (he did not file a June report) states that he has zero cash on hand, and $7,000.00 of his $15,351.13 income for the month was in the firm of a stimulus check, which is not an ongoing payment. *See* [Doc. 246]. The Disclosure Statement [Doc. 216] argues that the Amended Plan is feasible due in large part to income received from Tri-State, the Debtor's business. But the operating report filed on May 26 shows no income whatsoever from Tri-State.

7.     The Debtor currently owes nearly $12,000.00 to U.S. Bank for arrears, which will come due in January 2022 under the proposed treatment in the Amended Plan. The Debtor has failed to show how he will be able to have these funds on hand in January, and his current income stream appears to show that is not possible. Thus, it appears that the terms of the Amended Plan are likely to lead to liquidation or further reorganization, which means that the Amended Plan is not feasible. Confirmation should be denied.

WHEREFORE, U.S. Bank respectfully requests that this Court inquire into the matters raised herein and deny confirmation of the Amended Plan.

Respectfully submitted, this 7th day of July, 2021.

*/s/ Amanda M. Beckett*
Amanda M. Beckett
Mississippi Bar No. 102732
**RUBIN LUBLIN, LLC**
428 North Lamar Blvd., Suite 107
Oxford, Mississippi 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rlselaw.com

*Attorney for U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 7th day of July, 2021, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT
Mississippi Bar No. 102732
