**SO ORDERED,**



**Judge Jason D. Woodard**
**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   **MICHAEL LEON BROCK**<br>         **Debtor** | **CHAPTER 11**<br>**CASE NO. 19-10293-JDW** |

### AGREED ORDER CONFIRMING PLAN OF REORGANIZATION
### AND FIRST AMENDMENT TO PLAN OF REORGANIZATION

THIS CAUSE came on to be heard at a hearing on confirmation on July 13, 2021, of the Plan of Reorganization **[DK #217]** and the First Amendment to the Plan of Reorganization **[DK #247]** (collectively, the "Plan"), filed herein by the Debtor, and upon the Objection **[DK #251]** filed by First Security Bank ("FSB"), the Objection **[DK #253]** of the Office of the United States Trustee (the "UST"), and the Objection **[DK #255]** of U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2007-S1, Mortgage Pass-Through Certificates ("U.S. Bank"), and the Court noting that the objections of FSB and U.S. Bank have been resolved, and the Court having heard and considered the Plan, testimony of the Debtor, and statements of counsel at the July 13, 2021, hearing, hereby incorporates herein its bench opinion rendered in open court on July 13, 2021, and finds, orders and adjudicates as follows, to-wit:

1. The Plan was duly noticed to the holders of claims and to all creditors and parties-in-interest in accord with the applicable provisions of the Bankruptcy Code.

2. The classification of claims in the Plan is based upon a substantial similarity of all claims in each such class, is reasonable and was made in good faith, and was not made for the purpose of affecting the vote in such class or for any improper purpose.

3. The solicitation for acceptances of the Plan was conducted in good faith and in a thorough manner, pursuant to this Court's prior order, was made of all creditors, gave all such creditors a fair and adequate opportunity to accept the Plan and was in compliance with Section 1129 of the Bankruptcy Code. As previously determined by this Court, the Disclosure Statement which was submitted by the proponent of the Plan to all creditors contained adequate information as required by Section 1125 of the Bankruptcy Code.

4. The credible evidence embraced all the facts relevant to the Plan and addressed all the prerequisites to confirmation imposed by Section 1129(a) of the Bankruptcy Code. The Plan was accepted by all classes by the requisite number of creditors voting and by the requisite number of claim amounts that voted.

5. The Plan, as modified herein, complies with the applicable provisions of 11 U.S.C. § 1129 in that:

    (a) The Plan, as modified herein, complies with the applicable provisions of Title 11 of the United States Code;

    (b) The proponent has complied with all applicable provisions of Title 11 of the United States Code;

    (c) The Plan has been proposed in good faith and not by any means forbidden by law;

(d) All payments to be made by the Debtor or any other party provided for in Section 1129(a)(4) of the Bankruptcy Code for services, or for costs and expenses and/or in connection with this case either have been approved, or are subject to the approval, by this Court as reasonable;

(e) The proponents have disclosed the identity of any insiders who would be employed or retained by the Debtor and their compensation;

(f) Each holder of an impaired claim would receive under the Plan on account of such claim, property of a value that is not less than the amount each holder would receive if the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code;

(g) All allowed expenses of administration, unless deferred or waived, will be paid in cash upon the effective date of the Plan, under the Plan when due, or as allowed and directed by the subsequent order(s) of the Court and/or this Agreed Order of confirmation;

(h) The Plan does not discriminate unfairly among creditors or classes, and the designation of classes under the Plan is reasonable, based upon the fact that each claim in any class of the Plan is substantially similar.

(i) The Plan complies with the requirements of 11 U.S.C. § 1129(b).

6. The Plan is feasible and is based on the valid business judgment of the Debtor, and confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Debtor, other than that specified in the Plan itself.

7.    The Objection of FSB was resolved by an Agreed Order **[DK #260]** which is incorporated herein by reference.

8.    The Objection of the UST is resolved by the Debtor's becoming current with his monthly operating reports, by the Debtor filing an application to employ and to pay Tracy Walsh on or before July 31, 2021.

9.    The Objection of U.S. Bank was resolved by an Agreed Order **[DK #262]** which is incorporated herein by reference.

It is, therefore,

ORDERED, ADJUDGED AND DECREED, that the Plan is confirmed. It is, further,

ORDERED, ADJUDGED AND DECREED that the Court's bench opinion rendered in open court on July 13, 2021, and the Court's findings in paragraphs 1 through 9 above of this Agreed Order are incorporated herein as a part of the Court's rulings and, to the extent resolution of the objections of FSB, the UST and U.S. Bank require amendments to the Plan, then the Plan is so amended pursuant to this paragraph, consistent with provisions throughout this Agreed Order. It is, further,

ORDERED, ADJUDGED AND DECREED, that the Debtor shall timely pay to the UST any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this case is converted, dismissed or closed by the Court. Additionally, the Debtor shall timely submit to the UST post-confirmation Monthly Operating Reports in the format prescribed by the UST until such time as this case is converted, dismissed or closed by the Court. It is, further,

ORDERED, ADJUDGED AND DECREED, any modifications of the Plan must comply with 11 U.S.C. § 1127. It is, further,

ORDERED, ADJUDGED AND DECREED, that the provisions of the Plan and this Agreed Order shall bind the Debtor, and each and every creditor, whether or not the claim is impaired under the Plan or whether or not the holder of the claim has accepted the Plan. It is, further,

ORDERED, ADJUDGED AND DECREED, that as of the date hereof all of the property of the Debtor shall be free and clear of all claims and interests of creditors of the Debtor, except for the obligations that are imposed or continued in the Plan or this Agreed Order. It is, further,

ORDERED, ADJUDGED AND DECREED, that all claims recoverable under §§ 547, 548 and 550 of the Bankruptcy Code, and all of the claims owed to or in favor of the Debtor that are not settled pursuant to the Plan, not specifically waived, or not specifically settled pursuant to an agreement referred to and incorporated therein or an agreed order of this Court, are preserved and retained for enforcement by the post-confirmation and reorganized Debtor, as his interests may appear, subsequent to the effective date of the Plan, including, but not limited to, the pending adversary proceedings initiated by the Debtor. It is, further,

ORDERED, ADJUDGED AND DECREED, that distributions to creditors under the Plan shall be made in accordance with the Plan, as modified by this Agreed Order. It is, further,

ORDERED, ADJUDGED AND DECREED, that all individuals and entities holding claims in all classes of the Plan or otherwise who held claims secured by property of the Debtor or liens against property of the Debtor are hereby directed to cooperate with the proponent in implementing the terms of the Plan and, in connection therewith, to sign such documents as the Debtor-in-possession may reasonably require in implementing the terms of the Plan. It is, further,

ORDERED, ADJUDGED AND DECREED, that any judgment at any time obtained is void to the extent that the judgment is a determination of the liability of the Debtor, and the

commencement or continuation of any action, the employment or process, or any act, to collect, recover or offset any such judgement is enjoined. It is, further,

ORDERED, ADJUDGED AND DECREED, that all individuals and entities seeking, pursuant to Section 503(b) and/or 546(c)(2) of the Bankruptcy Code, payment of accounts, debts, fees or reimbursement of expenses from the Debtor shall make application to the Court for award of payment of such claims within thirty (30) days of the date of this Agreed Order, or shall be forever barred. It is, further,

ORDERED, ADJUDGED AND DECREED, that the Debtor shall be granted a discharge only upon completion of all payments under the Plan. The bankruptcy case may be closed, for administrative purposes, before all payments are made in order to avoid further United States Trustee fees. Upon completion of all payments under the Plan, Debtor's counsel shall file a motion to reopen the case, notify the Court that payments have been completed and seek a discharge. There will be no filing fee for reopening of the Chapter 11. It is, further,

ORDERED, ADJUDGED AND DECREED, that any objection to the allowability of a claim and/or for any rejection damages shall be filed within thirty (30) days of the date of this Agreed Order, or shall be forever barred. It is, further,

ORDERED, ADJUDGED AND DECREED, that subsequent to the entry of this Agreed Order, the Court shall retain jurisdiction relating to this case as provided under the Plan including, without limitation, jurisdiction over all disputes arising out of the Plan. In addition, the Court shall retain jurisdiction for the administration and adjudication of objections to claims and the allowance of claims during the course of the Chapter 11 proceeding, including any and all claims against the Debtor that arose prior to and during the course of this Chapter 11 proceeding herein in accordance

with the terms and provisions of the Plan and this Agreed Order Confirming the Plan of Reorganization and First Amendment to Plan of Reorganization. It is, further,

ORDERED, ADJUDGED AND DECREED, that counsel for the Debtor-in-possession is directed to serve a copy of this Agreed Order Confirming Plan of Reorganization and First Amendment to Plan of Reorganization upon all creditors and parties in interest within fourteen (14) days after entry hereof, and to provide an accompanying certificate of service, regarding service of this Agreed Order, to the Clerk of the Court.

### END OF ORDER ###

APPROVED AND AGREED:

_____
Craig M. Geno
Counsel for the Debtor


/s/ Ryan Revere    [WITH PERMISSION]
Ryan Revere
Counsel for First Security Bank


/s/ Sammye S. Tharp    [WITH PERMISSION]
Sammye S. Tharp
Counsel for the United States Trustee


/s/ Amanda M. Beckett    [WITH PERMISSION]
Amanda M. Beckett
Counsel for U.S. Bank National Association,
as Trustee for JPMorgan Mortgage Trust
2007-S1, Mortgage Pass-Through Certificates

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Brock, Mike\DS, Plan\Revised Order Confirming Plan 7-16-21.wpd